**Betty J. DELLOLIO, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–2515

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 19, 1983.

Michael Kris King, East Texas Legal Services, Inc., Longview, Tex., for plaintiff-appellant.

William J. Cornelius, Jr., Asst. U.S. Atty., Tyler, Tex., W. Emmitt Roberts, Asst. Reg. Atty., Office of the Gen. Cnsl., U.S. Dept. of HHS, Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Betty J. Dellolio appeals the denial of disability and supplemental security benefits under the Social Security Act, 42 U.S.C. §§ 423(a), 1381(a), claiming that the Secretary misapplied regulations governing the determination of job availability and disregarded evidence of disabling pain.

The judicial role in social security matters, including appellate review, is limited by 42 U.S.C. § 405(g) to a determination whether there is substantial evidence in the record considered as a whole to support the factual findings of the Secretary. We may not retry factual issues, reweigh evidence, or substitute our judgment for that of the fact finder. However, we will set aside fact findings which are not supported by substantial evidence, and will correct errors of law. *Allen v. Schweiker*, 642 F.2d 799 (5th Cir.1981); *Wilkinson v. Schweiker*, 640 F.2d 743 (5th Cir.1981).

Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established. To make a finding of "no substantial evidence," we must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir.1973).

Disability is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted ... for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairment must be appropriately demonstrated. A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Dellolio alleges that she has been unable to return to her work as a waitress or to perform any other kind of work since January 9, 1978. The Administrative Law Judge found that Dellolio's disabled status extended from January 1978 until April 17, 1980. The Appeals Council declined review, making the ALJ's recommended decision the final ruling of the Secretary.

Dellolio bears the burden of establishing the continuation of disability. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). To qualify for disability benefits, Dellolio must be unable to return to her former employment or perform the tasks required by any gainful employment existing in the national economy. *Ferguson v. Schweiker*, 641 F.2d 243 (5th Cir.1981). The ALJ found that Dellolio could perform light work on and after April 17, 1980. We find substantial evidence to support this finding.

At the time of the hearing, Dellolio was 45 years of age, the divorced mother of two dependent children and possessed of an eighth grade education. She was 5 feet 4 inches tall and weighed 240 pounds. She had worked for approximately 20 years as a carhop, waitress, cook and dishwasher.

Dellolio complained of severe pain in her stomach, leg, hip and back, which interfered with her ability to stand, sit, walk, concentrate or sleep normally. She also suffered from recurrent bouts of diarrhea, nausea, anxiety and nervousness.

The record reflects that Mrs. Dellolio had substantial medical difficulties beginning in 1974, when she was diagnosed as suffering from cancer of the cervix. She underwent two surgical procedures, a radical hysterectomy and a pelvic lymphadectomy, and was treated by an Ob-Gyn specialist, Dr. W.A. Dillard, Jr., until 1978. The medical regimen included cobalt treatment, which caused severe intestinal difficulties, including bowel obstructions which precipitated hospitalization for further surgery in one instance and conservative treatment in another. While the cancer was cured, the residual effects of chemotherapy continued.

In May 1980, Dr. Dillard completed a physical capacities evaluation and advised that Dellolio, in an 8-hour work day, could reasonably be expected to sit three to four hours, stand three hours, walk two hours, frequently lift 10 pounds, occasionally lift 11 to 20 pounds, frequently carry 20 pounds and occasionally carry 21 to 50 pounds. Dr. Dillard restricted his patient to work activities which entailed only moderate driving and moderate exposure to dust, fumes and gases.

A second Ob-Gyn specialist, Dr. William Price, began treating Dellolio in the fall of 1979. He referred her to an orthopedic surgeon and an internist. These doctors determined that Dellolio suffered from hypertension, controlled by medication, obesity, and osteoarthritis of the left hip. The orthopedist recommended that plaintiff seek light work.

Dr. Price concluded that Dellolio's impairments would limit work opportunities only insofar as they restricted her ability to walk "a great deal" or use her lower extremities in such activities as squatting, climbing, bending or crawling. He reasonably expected Dellolio to be able to sit eight hours, stand and walk one, continuously lift 10 pounds and occasionally lift and carry up to 50 pounds. Dr. Price confined Dellolio's activities to moderate driving and moderate exposure to marked changes in temperature and humidity, dust, fumes and gases.

A consulting physician retained by the agency confirmed the diagnosis of degenerative osteoarthritis of the left hip, which condition prevented Dellolio's return to previous employment as a waitress.

The ALJ found claimant disabled to return to her prior work, but determined that she retained the residual mental and physical capacity to engage in light work. The ALJ then applied Rule 202.18 of the Medical-Vocational Regulations (20 C.F.R. Subpart P, Appendix 2, Table 2) and concluded that Dellolio was not disabled, given her age, education and work experience.

In appealing the adverse decision of the ALJ, Dellolio submitted a post-hearing medical report from Dr. Price advising that she suffered from a permanent gastrointestinal dysfunction accompanied by episodes of diarrhea caused by the cobalt treatments, and osteoarthritis of the left hip. This report did not modify his prior opinion that Dellolio was capable of performing light work, and that her hypertension was controlled by medication.

The definition of light work applicable to this claim was contained in 20 C.F.R. § 416.1567(b), which provided:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or one that involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Not only does the record contain substantial evidence that Dellolio came within this definition, it contains overwhelming evidence of such, including the reports of her physicians.

Dellolio does not seriously dispute the ALJ's finding that under the guidelines she possessed the residual functional capacity to engage in light work. She contends, however, that the ALJ's mechanical application of the vocational guidelines was inappropriate in her case because, in so doing, he failed to consider the impact of environmental and nonexertional restrictions, including pain, upon her work capacity. She would have us remand, directing an evaluation of the aggregate impact of these restrictions and requiring the Secretary to present vocational testimony of the jobs available in the national economy for one suffering, as she does, from both exertional and nonexertional impairments.

■ A conclusion of disabled or nondisabled under the guidelines is not compelled unless their evidentiary underpinnings "coincide exactly with the evidence of disability appearing on the record." *Thomas v. Schweiker,* 666 F.2d 999, 1004 (5th Cir.1982). The regulations expressly pretermit reliance upon the guidelines if nonexertional (sensory, skin, emotional or mental) impairments significantly circumscribe the claimant's ability to execute tasks. *Rivers v. Schweiker,* 684 F.2d 1144 (5th Cir.1982). Accordingly, where an individual is subject to a composite of exertional and nonexertional or environmental limitations, the ALJ must evaluate the extent to which her "work capability is diminished in terms of any types of jobs that would be contraindicated by the nonexertional [or environmental] limitations." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2). *See Thomas.* In instances where "these combinations of nonexertional and exertional impairments . . . cannot be wholly determined under the rules in this Appendix 2, full consideration must be given to all the relevant facts in the case . . . ." *Ibid.*

■ Pain, alone or in conjunction with other impairments, may be disabling,

*Walden v. Schweiker,* 672 F.2d 835 (11th Cir.1982), and the Secretary is obliged to weigh subjective evidence of its existence. *Jones v. Heckler,* 702 F.2d 616 (5th Cir. 1983). When pain is treated as a nonexertional factor, rather than as a separate ground for disability, it need only be shown to have significantly narrowed the spectrum of jobs within a particular exertional category for which the claimant would otherwise qualify. *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662 (1st Cir.1981).

■ Here, the ALJ considered Dellolio's complaints of chronic, debilitating pain, but did not deem them credible. He found that the pain had not interfered with her pursuit of desired activities, and perceived no visible signs of severe pain such as weight loss, impairment of general nutrition, muscular atrophy, loss of memory or inability to concentrate. *See Green v. Schweiker,* 694 F.2d 108 (5th Cir.1982). Neither treating physician prescribed pain medication. The ALJ's credibility findings as to the debilitating effects of pain are entitled to considerable judicial deference. *Jones v. Heckler.*

The ALJ also considered Dellolio's complaints concerning diarrhea but found them unsupported by the requisite objective medical evidence. The periodic episodes of diarrhea were not found to impair significantly claimant's capacity to perform light work.

■ Although the ALJ referred to the opinions of Drs. Price and Dillard regarding Dellolio's tolerance for dust, fumes, gases and extreme fluctuations of temperature or humidity, he made no findings as to their significance vis-a-vis her exertional capacity. It is clear that while there is ample support in the record for the ALJ's assessment of claimant's exertional capacity, there is uncontroverted medical evidence suggesting that the types of light work which she can perform may be limited. Thus under the present state of the record we cannot determine whether these environmental restrictions rise to the level of nonexertional impairments, or foreclose

Dellolio's access to the full range of occupations encompassed within the regulatory definition of "light work." *Thomas.* *See Broz v. Schweiker,* 677 F.2d 1351 (11th Cir. 1982); *Gagnon; Ferguson v. Schweiker,* 641 F.2d 243 (5th Cir.1981). The absence of the requisite findings by the ALJ compels a remand for resolution of the question, raised by objective medical evidence, whether claimant's capacity for light work is diminished by environmental limitations. Should it be determined that such limitations reduce the number of jobs which Dellolio might be able to perform, and that this effect cannot be measured under the Medical-Vocational Guidelines, plenary consideration must be accorded all relevant facts. In that situation, expert vocational testimony is required. *Thomas.* *See Burnam v. Schweiker,* 682 F.2d 456 (3d Cir.1982).

Finally, claimant contends that the ALJ failed to evaluate the degree of impairment caused by the interaction or cumulation of her various exertional and nonexertional limitations. It is well-established that an analysis must be made "not only [of] the disabling effect of each of the [claimant's] ailments, but also the combined effect of all of [these] impairments." *Wiggins v. Schweiker,* 679 F.2d 1387, 1392 (11th Cir.1982) (*citing Ferguson; Brenem v. Harris,* 621 F.2d 688 (5th Cir.1980); *Strickland v. Harris,* 615 F.2d 1103 (5th Cir.1980)). In other words, the fact-finder must consider whether work exists for a person with the combination of impairments exhibited by the claimant. *Burnam; Thomas.* On remand, the aggregate impact of all of the exertional and nonexertional impairments, if any, should be evaluated.

The judgment of the district court is therefore REVERSED and the case REMANDED to the Secretary for further proceedings consistent herewith.