Cecil E. BARRETT, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83-4054

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1983.

Alford, Thomas & Kilgore, Donald Leland Kilgore, Laurel G. Weir, Philadelphia, Miss., for plaintiff-appellant.

L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

Cecil Barrett is a 49-year old former carpenter who contends that shortness of breath, blood clots in his lungs, chest and leg pains and general weakness have rendered him disabled since November 9, 1979. The Secretary of Health and Human Services denied his claim for disability insurance benefits and supplemental security income. An administrative law judge found that Barrett has the residual functional capacity to perform at least sedentary work activity and is not disabled. Barrett appeals from the district court's affirmance of that decision. We reverse the district court's decision and instruct the court to return the case to the Secretary for additional fact-finding.

Barrett argues five points on appeal: (1) that he proved a disability by a preponderance of the evidence; (2) that the Appeals Council erred in not hearing his case de

*novo;* (3) that the failure by the government to produce a vocational expert was error; (4) that, if this court does not award benefits to Barrett, it should at least remand for further proceedings, and (5) the lower court erred in its conclusions of law and findings of fact.

The jurisdiction of this court is confined to a limited review of the Secretary's decision and the record made in the administrative hearing process. 42 U.S.C. § 405(g). We review whether the decision of the Secretary is in fact supported by substantial evidence and whether errors of law occurred. *Dellolio v. Heckler,* 705 F.2d 123, 125 (5th Cir.1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Chaney v. Califano,* 588 F.2d 958, 959 (5th Cir.1979). It is more than a scintilla, but less than a preponderance, and must be based on the record as a whole. *Knott v. Califano,* 559 F.2d 279 (5th Cir.1977).

For an individual to be entitled to disability insurance benefits under the provisions of the Social Security Act, the claimant must establish through medically acceptable clinical and laboratory diagnostic findings that he has a physical or mental impairment expected to result in death or continuous disability of not less than 12 months which prevents the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). Furthermore, the claimant has the burden to prove that a disability exists under the Act. *Johnson v. Harris,* 612 F.2d 993 (5th Cir.1980); *Fortenberry v. Harris,* 612 F.2d 947 (5th Cir.1980).

■ With this introduction, we turn to Barrett's contentions. Barrett's first and fifth arguments raise the basic issue of whether the administrative law judge erred in finding that he was not disabled.

The Social Security statute states that an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for work. For purposes of the preceding sentence ..., "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

In 1978, the Secretary promulgated medical-vocational guidelines to be used to determine whether a claimant is disabled in cases where the claimant has a severe medically determinable physical or mental impairment, is not engaged in substantial gainful activity and the impairment prevents the performance of the claimant's vocationally relevant past work. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.-00(e)(2). The Secretary's use of these guidelines to make disability determinations has been upheld. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Rivers v. Schweiker,* 684 F.2d 1144, 1157–58 (5th Cir.1982). However, because the guidelines are intended to displace discretion in decisionmaking, their fit to the case to be decided must be free from doubt.

The initial determination in each disability case is whether a disability exists. The administrative law judge, district court and now this court turn first to the medical-vocational guidelines. In applying the guidelines, the administrative law judge made 13 findings of fact. Most importantly, he found that:

—Barrett's complaints of shortness of breath and "other subjective symptomatology" are not so severe as to prevent Barrett from doing sedentary work;

—Barrett was unable to perform his past work as a carpenter;

—Barrett, as a 47-year old man, is a "younger individual";

—Barrett is a functional illiterate; and

—under the guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rule 201.19, Barrett is not disabled.

The magistrate to whom the district court referred this case, limiting his review to whether substantial evidence supported these findings, affirmed. The district court adopted the magistrate's report.

The problem in this case stems from an apparent conflict in the medical-vocational guidelines. The rules in Table 1 are to be applied if the claimant is only capable of sedentary work as a result of severe medically determinable impairments. The administrative law judge found Barrett to be so impaired. The regulations which explain the use of Table 1 instruct that if the administrative law judge's findings of fact as to the claimant do not "coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a).

The literal application of Rule 201.19 of Table 1 requires a finding of no disability when the claimant is a younger individual, 45 to 49 years of age, has limited or less education, and has skilled or semi-skilled previous work experience with no transferable skills. The administrative law judge found that Barrett fit this profile.

The problem arises because one of the regulations explaining Table 1 notes:

> The term "younger individual" is used to denote an individual age 18 through 49. For those within this group who are age 45–49, age is a less positive factor than for those who are age 18–44. Accordingly, for such individuals; (1) who are restricted to sedentary work, (2) who are unskilled or have no transferable skills, (3) who have no relevant past work or who can no longer perform vocationally relevant past work, and (4) who are either illiterate or unable to communicate in the English language, a finding of disabled is warranted.

20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(h). Applying the administrative law judge's fact-findings to this regulation could mandate a finding of disability since Barrett is restricted to sedentary work, unable to perform vocationally relevant past work and is illiterate.

This potential contradiction between Rule 201.19 and section 200.00(h) requires this court to instruct the district court to return this case to the Secretary for further proceedings. It will be necessary for the Secretary to (1) explain the apparent contradiction between section 201.00(h) and Rule 201.19 of Table 1, and (2) to make a fact-finding as to whether Barrett's work skills are transferable. The administrative law judge deemed this question not material, but the language of both section 201.00(h) and Rule 201.19 require such a finding.

We address briefly two other points raised by Barrett. First, Barrett argues that the Appeals Council had a duty to hear his case *de novo.* This is incorrect. The council has no such duty. The council has discretion to choose which cases to review, 20 C.F.R. § 404.967, and *de novo* review is not required in those cases in which it grants review. 20 C.F.R. § 404.970. Second, Barrett contends that error exists because the government did not call a vocational expert to testify as to what jobs Barrett could perform. This position ignores recent case law which holds to the contrary. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1959, 76 L.Ed.2d 66 (1983); *Rivers v. Schweiker,* 684 F.2d 1144, 1151–57 (5th Cir.1982).

Barrett's last argument is that the case should be remanded for further factual development. We agree. Accordingly, the district court's decision is reversed. The court is instructed to reverse the Secretary's decision in this case and, in accordance with 42 U.S.C. § 402(g), remand it to the Secretary for further proceedings.

REVERSED with directions to RE-MAND.