**Wanda Dunlap LAWLER,
Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.**

**No. 84–1963
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 23, 1985.

Vernon Lewis, West Texas Legal Services, San Angelo, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Clinton E. Averitte, Asst. U.S. Atty., Lubbock, Tex., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Wanda Dunlap Lawler appeals the district court's decision affirming the Secretary's denial of her application for disability benefits. Because the Secretary, after accepting Lawler's testimony that she could not do light or sedentary work for the lengths of time stated in the HHS medical-vocational guidelines, held without vocational testimony or other evidence that Lawler could nevertheless perform some light or sedentary jobs, we reverse and remand.

I

Wanda Lawler is fifty years old and has an eighth-grade education. Until March 31, 1969, she worked primarily as a waitress and cashier, and also wrapped meat and worked in a shoe factory. On October 12, 1979, she applied for disability benefits. Lawler's insured status expired on December 31, 1972. Thus, to recover benefits, Lawler was required to show that she was disabled between 1969 and 1972.

Lawler claimed that three conditions disabled her: chronic varicose veins, which caused her severe pain in her legs and feet; lower back pain; and an inadequate personality disorder. The Secretary denied her claim, and she obtained a de novo hearing before an Administrative Law Judge, who found that Lawler was "able to perform her usual light work as a waitress or sedentary cashier work," and thus not disabled. Lawler filed an action for review of the Secretary's decision in the United States District Court for the Northern District of Texas, which remanded the case because of the Secretary's failure to discuss the credibility of Lawler's claims of subjective pain. See Scharlow v. Schweiker, 655 F.2d 645 (5th Cir.1981). The Social Security Administration's Appeals Council, in turn, remanded to the ALJ with directions that he conduct any necessary further proceedings and issue a recommended decision.

After a second hearing, the ALJ recommended that Lawler again be found not disabled. The ALJ noted that Lawler had

undergone vein-stripping surgery in 1971, with periodic subsequent leg injections, but found that her condition had improved so as to allow her to continue work as a waitress or cashier. The ALJ also found that Lawler had "a longstanding inadequate personality problem," reflected in three hospitalizations for drug overdoses in 1971 and ongoing outpatient treatment. He relied, though, on the fact that no treating physician had specifically found Lawler disabled due to her mental problems, and on outpatient notes which he read as showing improvement, in finding no disability on this ground. The ALJ additionally observed that Lawler had submitted no medical evidence of back pain during the relevant 1969–72 period.

The ALJ rejected Lawler's claims of subjectively disabling pain in her back, legs, and feet by referring to the medical evidence, to Lawler's testimony that she performed various household duties, and to Lawler's daughter's remark that Lawler "sat a lot." The ALJ cited a doctor's statement that Lawler could "hardly manage to maintain her house" as evidence that she could, in fact, do housework. Once again, however, the ALJ did not specifically state whether Lawler's claims of pain were credible.

Lawler filed objections to the recommended decision with the Appeals Council. She pointed to the report of her treating physician for her varicose veins, Dr. Bennett Joiner, that any activity involving prolonged standing or walking would aggravate her vein condition. Lawler disputed the ALJ's conclusion that she could do sedentary work by citing her testimony, and that of her ex-husband and daughter, that she could neither sit nor stand for more than 20 to 30 minutes *at a time.* Finally, she again objected to the ALJ's failure to make credibility findings.

The Appeals Council accepted the ALJ's recommendation that Lawler be denied benefits, but modified his reasoning. The Council responded to Lawler's claims of inability to sit or stand for extended periods as follows:

The Council has considered these arguments; however, not all light work involves as much walking and standing as that of a waitress and many light and sedentary jobs can be performed with the option of alternatively sitting and/or standing. Thus even if the claimant could not tolerate prolonged walking, standing, or sitting, there are numerous unskilled light and sedentary jobs which would allow her to change position frequently. Accordingly, if counsel's arguments that the claimant cannot perform her past relevant work were accepted, and allowing for the claimant's inadequate personality, she would still be found "not disabled" under the framework of Rules 202.17 and 201.24 of Appendix 2, Subpart P, Regulations No. 4 during the period through December 31, 1972, when she last met the earnings requirements.

The Council also agreed that the ALJ had not made a credibility finding, but thought it "obvious" from his decision that he weighed Lawler's credibility along with other factors relevant to her claims of pain.

## II

We have repeatedly held that the Secretary may rely on the medical-vocational guidelines to establish that work exists for a claimant only if the guidelines' "evidentiary underpinnings 'coincide exactly with the evidence of disability appearing on the record.'" *Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir.1983), *quoting Thomas v. Schweiker,* 666 F.2d 999, 1004 (5th Cir. 1982). The guidelines, as applied here, represent administrative findings that significant numbers of jobs exist for persons of Lawler's age and educational level who can do "light" or "sedentary" work. "These terms have the same meaning as they have in the *Dictionary of Occupational Titles,* published by the Department of Labor." 20 C.F.R. § 404.1567. According to the *Dictionary,* sedentary work "implies a ca-

pacity to sit for at least 6 hours in an 8-hour work day"; light work "presupposes an ability to stand and walk at least 6 hours in an 8-hour work day." The Appeals Council's acceptance [1] of Lawler's assertions that she cannot sit or stand for prolonged periods means that the evidence on record does not fit the guidelines' assumption that claimants *can* do prolonged work.

Rather than simply taking administrative notice that there are jobs in the national economy that Lawler can perform despite her limitations, then, the Secretary should have introduced expert vocational testimony concerning those jobs. *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir.1983); *Dellolio*, 705 F.2d at 128; *Thomas*, 666 F.2d at 1004–05; *Ferguson v. Schweiker*, 641 F.2d 243 (5th Cir.1981). Because she did not, we must remand for further proceedings.[2]

### III

Lawler also asks us to direct the Secretary to make specific credibility findings on remand. We noted in *Davis v. Heckler*, 759 F.2d 432, 436–437 (5th Cir.1985), that Congress recently amended the Social Security Act and set statutory guidelines for the evaluation of pain. Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794, 1799. As in *Davis*, remand is necessary here in any case, and "the Secretary on remand should evaluate [Lawler's] complaints of pain in light of the 1984 amendments." *Davis*, at 437.[3]

REVERSED AND REMANDED.

1. The Secretary argues that the Appeals Council did not "necessarily" alter the ALJ's findings concerning Lawler's work capacity. The Council, though, itself stated that it accepted the ALJ's decision "as modified." The Council found no fault with any other part of the ALJ's opinion, and we are at a loss as to what else the Council's ruling could have modified. In any case, because of the original district court remand, the ALJ's second opinion was only a recommended decision. The Appeals Council's ruling is the final decision of the Secretary.

2. On remand, the Secretary should also consider whether Lawler's inadequate personality disor-

der is a "nonexertional limitation" that would further restrict the number of jobs she can perform. *Carry v. Heckler*, 750 F.2d 479, 483 n. 9 (5th Cir.1985); *Carter, supra; Dellolio, supra; Thomas, supra. See* 20 C.F.R. subpart P, app. 2, § 200.00(e).

3. We note that the new statute deals only with pain as proof of disability in itself. Even if not disabling, though, pain may be another nonexertional limitation on the range of jobs open to claimants. *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir.1983).