**Wesley R. WILKERSON, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. TX–84–54–CA.**

United States District Court, E.D. Tex. Texarkana Division.

Sept. 6, 1985.

Sherman A. Kusin, Texarkana, Tex., for plaintiff.

William J. Cornelius, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

HALL, District Judge.

This appeal is brought under 42 U.S.C. § 405(g) (1983) from the Secretary's final decision denying Plaintiff Wesley R. Wilkerson's application for social security disability benefits. Because there is substantial evidence to support the Secretary's denial of disability benefits, the determination of the Secretary is affirmed.

On April 22, 1983 Wilkerson filed an application for disability benefits asserting that as of June 1982 he was disabled due to back injuries, arthritis, and his resultant medicated state. (Exhibit 5). Wilkerson's request was denied by an Administrative Law Judge (ALJ) on January 14, 1984 (Tr. 6–13) on the basis that although Wilkerson's impairments are severe (Tr. 12), "considering [his] residual functional capacity, age, education and work experience, he is not disabled." (Tr.13). By letter dated March 23, 1984 the decision of the ALJ was upheld by the Appeals Council. (Tr. 3). Wilkerson then filed this appeal challenging the Secretary's denial of disability benefits.

The Social Security Act places the burden on the claimant to show that he is disabled. *Western v. Harris*, 633 F.2d 1204, 1206 (5 Cir.1981); *Johnson v. Harris*, 612 F.2d 993, 996–997 (5 Cir.1980). However, once a social security claimant shows that he is disabled to the extent that he can no longer perform his former job duties, the burden then shifts to the Secretary to show that there is other substantial gainful employment in the economy which the claimant is capable of performing. *Ransom v. Heckler*, 715 F.2d 989, 993 (5 Cir. 1983); *Loya v. Heckler*, 707 F.2d 211, 214 (5 Cir.1983).

Since the ALJ found that Wilkerson was "unable to perform his past relevant work as a mechanic" (Tr. 13), the burden then shifted to the Secretary to show that there was other substantial gainful employment in the economy which Wilkerson was capable of performing. *Ransom v. Heckler*, *supra* at 993; *Loya v. Heckler*, *supra* at 214. In making this determination, the Secretary was required to consider Wilkerson's age, education, and work experience in conjunction with his residual functional capacity.[1] If Wilkerson, considering his age, education, work experience, and functional level, could have engaged in some kind of substantial gainful employment, he should not have been considered disabled; if not, Wilkerson should have been considered disabled. *Jason v. Heckler,* 767 F.2d 82, 84 (5 Cir.1985).

The Court's review in this case is strictly limited to determining whether or not the Secretary's findings are supported by substantial evidence. *Dellolio v. Harris*, 705 F.2d 123, 125 (5 Cir.1983); *Johnson v. Harris, supra* at 997; *Demandre v. Califano*, 591 F.2d 1088, 1091 (5 Cir.1979), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979). "Substantial evidence is

more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established. To make a finding of 'no substantial evidence', we must conclude that there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence'." *Hemphill v. Weinberger*, 483 F.2d 1137 (5 Cir.1973) as cited in *Dellolio v. Heckler*, 705 F.2d 123, 125 (5 Cir.1983).

1. Residual functional capacity is defined as what a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a). *Ransom v. Heckler*, 715 F.2d 991, footnote 1 (5 Cir.1983)

Conflicts in the evidence, including medical opinions, are to be resolved by the Secretary, and not by the Court, which is not permitted to substitute its judgment for that of the Secretary's, even if the Court finds that the evidence preponderates toward a wholly different finding. *Patton v. Schweiker*, 697 F.2d 590, 592 (5 Cir.1983); *Anderson v. Schweiker*, 651 F.2d 306, 308 (5 Cir.1981); *Olson v. Schweiker*, 663 F.2d 593, 595 (5 Cir.1981). This Court may not retry factual issues, reweigh evidence, or substitute [its] judgment for that of the Secretary's. *Dellolio v. Heckler*, supra at 125. This Court functions in merely an appellate capacity, for "[t]he Social Security Act imparts substantial discretion to the Secretary." *Anderson v. Schweiker*, supra at 308.

The Court finds that there is substantial evidence in the record to support the Secretary's finding that Wilkerson had residual functional capacity and could therefore engage in substantial gainful employment available in the economy. In determining that Wilkerson was not disabled, the ALJ specifically considered Wilkerson's age of 52 (Tr. 13); his education beyond the high school level (Tr. 13); his work experience as a mechanic (Tr. 13); and his residual functional capacity "to perform [a] wide range of light work (20 C.F.R. § 404.-1563)." (Tr. 13). In determining that Wilkerson "has the residual functional capacity to perform the physical exertion requirements of work except for work requiring excessive repetitive bending" (Tr. 12), the ALJ relied on the reports of medical experts, Disability Determination Reports and Residual Functional Capacity Assessment Reports.

The record reflects that on April 8, 1982, Dr. Patrick D. Barnes, board certified neurologist, reviewed the medical evidence in Wilkerson's file and concluded that he could lift and carry 25 pounds frequently and 50 pounds occasionally, could sit, stand and walk about 8 hours per day, could reach, handle, finger, feel, see, hear and speak without limitation and had no environmental limitations. Dr. Barnes further concluded that Wilkerson could climb, balance, kneel, crouch and crawl and could occasionally stoop. (Exhibit 17, Tr. 95, Residual Functional Capacity Evaluation).

On June 10, 1983, Dr. T.C. McCormick reviewed the medical evidence of record in the Wilkerson case, and filed a Disability Determination Report (Exhibit 16, Tr. 85–87) and Residual Functional Capacity Assessment Report (Exhibit 17, Tr. 91–93). Dr. McCormick concluded that Wilkerson could lift 10 pounds of weight frequently and 20 pounds occasionally and could sit, stand and walk about 6 hours per day. He noted that the claimant could, on occasion, bend, stoop, kneel, squat, crawl, crouch, climb and balance. Dr. McCormick stated: "There are no restrictions for the use of the upper extremeties. The claimant can do simple repetitive grasping, pushing and pulling. Claimant can do fine manipulation. *In summary, the claimant can do a wide range of light exertional activities.*" (emphasis added) (Tr. 86). Dr. McCormick's report also includes a list of some occupations which Wilkerson is capable of performing and which are available within his region of residence: Lapper, Hand Tool (Machine Shop); Tool Grinder (Any Industry); and Profile-Grinder Technician (Any Industry). (Tr.86).

A. Norville Wilkins, M.D., reviewed the medical evidence of record on July 5, 1983 and agreed with Dr. McCormick. His findings are filed in a Disability Determination Report (Exhibit 16, Tr. 82–84) and a Residual Function Capacity Assessment Report (Exhibit 17, Tr. 88–90). Dr. Wilkins concluded that Wilkerson should be able to perform the following jobs which exist "in ample numbers in the general economy": Tune-up Mechanic (Auto Service); Supervisor, Garage (Auto Service); and Locksmith (Any Industry). (Tr. 83).

The final evidence in the record which supports the Secretary's position is the medical evidence taken by Dr. Charles W. Barrier on May 13, 1983, marked as Exhibit 22. (Tr. 146–150). Dr. Barrier's examination reflects that Wilkerson's "neurological exam [was] normal" and that he had the

ability to engage in somewhat limited body movement.

The ALJ also considered Wilkerson's statements concerning his pain from back problems. (Tr. 25–29). The ALJ, however, did not consider Wilkerson's complaints of pain to be sufficiently credible to affect the determination that he has sufficient residual capacity to do light work. This it was within the ALJ's province to do, because it is "within the discretion of the administrative law judge to determine the disabling nature of pain." *Jones v. Heckler,* 702 F.2d 616, 622 (5 Cir.1983); *Shelton v. Schweiker,* 510 F.Supp. 191, 193 (E.D.Tx. 1981). In this regard, the ALJ also considered and rejected the allegation that the effect of the pain medication Wilkerson is taking is to significantly limit his ability to perform substantial gainful employment. The ALJ, in rejecting Wilkerson's testimony about the disabling nature of the pain medication, cites to Wilkerson's testimony that his usual daily activities include occasional driving, visiting, lawn mowing, fishing and hunting. (Exhibit 12, Tr. 67). The ALJ also found the fact that Wilkerson applied for work in 1982 to be significant in determining that he was not disabled because "[t]he reasonable inference is that he thought he could work or he would not have sought employment." (Tr. 11).

Although the Court has only contained in this opinion an enumeration of the evidence which supports the substantial evidence standard, this Court notes that it has reviewed the record as a whole. And having reviewed the pleadings and the transcript of the record, the Court is of the opinion, constrained by the substantial evidence test, that there is substantial evidence in the record to support the Secretary's decision denying Mr. Wilkerson benefits under the Social Security Act.

Accordingly, the Court AFFIRMS the determination of the Secretary.

It is, therefore, ORDERED, ADJUDGED, and DECREED that the decision of the Secretary be AFFIRMED.

