UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30494
Summary Calendar
_____


DON R. BROTHERTON,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(CA-92-1708)
_____

February 15, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Don R. Brotherton ("Brotherton") appeals the district court's grant of summary judgment to Shirley S. Chater, the Commissioner of Social Security, ("Commissioner") denying Brotherton's application for social security disability benefits and supplemental security income pursuant to the Social Security Act ("the Act"). 42 U.S.C. 401, *et seq.* and 1381, *et seq.* Because

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the decision of the Commissioner denying Brotherton's application is supported by substantial evidence, this court affirms.

## BACKGROUND

Brotherton applied for disability insurance benefits in January of 1989, complaining of physical incapacity due to a right hip injury, degenerative arthritis in his right femur, degenerative joint disease, and fibrositis, an equivalent of muscular rheumatism. Brotherton was denied such benefits both initially and upon reconsideration.

Before denying Brotherton's application for benefits, the administrative law judge ("ALJ") conducted a hearing on Brotherton's claim during which Brotherton explained that he had a high-school degree with additional training in heating and air-conditioning repair as well as in electronics. Despite this training, Brotherton had been unemployed since his last job as a public-relations representative for the Salvation Army in 1987. He blamed his joblessness on his alleged disability, noting that in addition to the impairments listed on his application, he also suffered from arthritis in his great toe and from a back strain that prevented him from lifting anything over ten pounds.

After considering Brotherton's testimony, the ALJ determined that Brotherton was not disabled because he did not suffer from an impairment, or combination of impairments, sufficient to warrant benefits under the Act. Doubting the credibility of Brotherton's testimony regarding the disabling pain that he allegedly suffered, the ALJ rejected his claim that he was unable to perform light work and concluded that Brotherton had the

residual functional capacity to perform his past relevant work.

The Appeals Council vacated and remanded the case for the ALJ to reconsider his conclusion that Brotherton could perform his past relevant work. At a supplemental hearing, Brotherton testified that he did not drive except in emergency, could walk only 400 feet, could stand for only 15-30 minutes, and could lift only five pounds. He also explained that he had carpal tunnel syndrome in both hands.

Nevertheless, upon reconsideration, the ALJ observed that no examining physical had suggested that Brotherton be confined to a purely sedentary lifestyle and that there was no clinical documentation of many of Brotherton's alleged afflictions. As a result, the ALJ concluded that Brotherton could at least perform a full range of partially sedentary work, including lifting up to ten pounds, occasional lifting and carrying of small items, and some walking.

After the Appeals Council declined to review the ALJ's decision, Brotherton filed suit in the district court. After consenting to proceed before a magistrate judge, both parties filed motions for summary judgment. The magistrate judge granted the Commissioner's motion and dismissed Brotherton's suit with prejudice.

## DISCUSSION

After considering the medical treatments, reports, and testimony before the Commissioner, the ALJ and the district court, this court concludes that substantial evidence supports the Commissioner's conclusion that Brotherton's nonexertional

impairments did not significantly circumscribe his ability to do sedentary work. *See Dellolio v. Heckler,* 705 F.2d 123, 127–28 (5th Cir. 1983).  Hence, the Commissioner did not err by relying solely on the statutory "Grids" to determine that Brotherton could do alternate work.  *Id.*

## CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment to the Commissioner and denial of Brotherton's application for benefits is AFFIRMED.