HARRIS *v.* SEABURY ET AL.

(Decided June 18, 1928.)

*Messrs. Bush & Clyburn,* for plaintiff.
*Messrs. Maddox & Maddox,* for defendants.

HAMILTON, P. J. This case is here on appeal from a decision of the court of common pleas of Fayette county, Ohio, and involves the question of the right of the plaintiff, Emily L. Harris, to have partition of certain real estate described in her petition.

Plaintiff claims that she as a sister and one of the heirs at law of Dora Anderson, deceased, has the legal right to and is seized in fee of the undivided one-half of the real estate described in the petition. She alleges that the defendants are seized of the other one-half, each being seized of a fourth part thereof, that the defendant Donald Seabury is an imbecile, and that the defendant Chelsea Seabury is his duly appointed, qualified and acting guardian.

The defendants answered by way of general denial, putting in issue the right of the plaintiff to have partition.

The right of the plaintiff to have partition turns on the question of her relationship to the deceased, Dora Anderson.

It is conceded that the estate is non-ancestral property, and descends under Section 8574 of the General Code of Ohio. There are no children or legal representatives of the intestate, Dora Anderson. She left no husband or parents surviving her.

The defendants claim that the plaintiff was only of the half blood of the intestate; that the defendants are representatives of the whole blood, and take the property by descent from Dora Anderson, under Section 8574, General Code, to the exclusion of the plaintiff.

The claim of the plaintiff is that she is of the whole blood and shares in the estate under said section.

The plaintiff, Emily Harris, is a daughter of Emily Anderson, the wife of one King D. Anderson. Dora Anderson, the owner of the property in question at the time she died, was a daughter of King D. Anderson and said Emily Anderson. The defendants Chelsea Seabury and Donald Seabury are children of Nancy Seabury, deceased, who was also a daughter of King D. Anderson and Emily Anderson his wife.

The claim of the defendants is that the plaintiff, Emily L. Harris, although born in lawful wedlock, was the illegitimate child of said Emily Anderson, and not the legitimate child of said King D. Anderson; that the said Emily L. Harris was begotten and born of the said Emily Anderson while she and her husband, King D. Anderson, were living separate and apart, and not living together as husband and wife. King D. Anderson and Emily Anderson were never divorced.

It is argued on behalf of the plaintiff that, since she was begotten and born while her mother, Emily Anderson, was the wife of King D. Anderson, the presumption that she is the legitimate child of the said Emily Anderson and King D. Anderson can only be overcome by proof of non-access or lack of procreative powers on the part of the husband, King D. Anderson, and that the evidence should be limited to this effect.

It is contended by the defendants that this is a case involving heirship, and that the presumption of legitimacy does not therefore apply; that, while the rule stated does apply in bastardy cases, it would not apply in the instant case. They further contend that any evidence tending to show the facts to be

contrary to legitimacy is admissible, and that the burden of proving legitimacy is upon the person claiming as heir.

The first consideration is, What is the rule of evidence to be applied to this case?

We are not impressed with the proposition that the presumption of legitimacy should not obtain where the question of heirship is involved, although there is respectable authority so holding.

If the plaintiff is the legitimate child of King D. Anderson, she is a sister of the whole blood of Dora Anderson, and is a tenant in common' in the real estate in question. We therefore see no reason for any different rule on the question of proof of legitimacy. We are of opinion that the presumption that children begotten and born during lawful wedlock are legitimate holds good, notwithstanding a question of heirship is involved.

The rule contended for by the plaintiff that the proof must show non-access or lack of procreative powers was the common-law rule. This rule, however, has been modified in the United States, and was so declared in the case of *Powell* v. *State, ex rel. Fowler,* 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255. In the course of the opinion, at page 168 of 84 Ohio St. (95 N. E., 661), the court says:

"In England unless the husband was shown to be beyond seas during all the period in which it was possible for the wife to become pregnant and be delivered of a child, or unless it could be shown beyond question that the husband had no power of procreation, this presumption was so absolute that the doctrine of *filiatio non potest probaris* applied and no proofs would be received to dispute the legiti-

macy of the child. This doctrine has practically been adopted in the United States with the modification that if the child is born under such circumstances that render it impossible that the husband of its mother can be its father, then the child may be adjudged a bastard.''

Counsel for the defendants undertake to distinguish this case on the ground that it was a bastardy case, and did not involve the question of heirship. We have expressed our views on this proposition elsewhere in this opinion.

It has been held that the proof must show it to be impossible for the husband to be the father, and that such impossibility must be proved beyond a reasonable doubt. In our opinion the weight of authority does not go that far. The rule is that, where the child is begotten during lawful wedlock, there is a strong presumption that the husband is the father of the child, but that that presumption is not conclusive, and may be overcome by evidence which shows that the husband could not possibly be the father of the child. This is the rule deducible from the opinion in the case of *Powell* v. *State, ex rel. Fowler, supra,* and many other reported cases.

The burden is on the defendants to prove illegitimacy, since it is admitted that the plaintiff was begotten and born during the lawful wedlock of Emily Anderson and King D. Anderson.

The proof is that King D. Anderson and Emily Anderson were husband and wife and lived together in Washington Court House, Ohio, at the corner of Temple and Forest streets; that they were married in North Carolina in 1856; that they lived together until about the year 1875, when they separated; and

that the wife remained in the home where they had both resided for some years, and King D. Anderson, the husband, took up his residence some two or four squares away. At the time of the separation, they had two daughters, Dora Anderson and Nancy Anderson, afterwards Nancy Seabury. The two daughters remained with the mother in the home property at the corner of Temple and Forest streets, and continued to occupy the premises. On July 13, 1879, the said Emily Anderson gave birth to Emily L. Harris, the plaintiff in this case.

All of the evidence tending to prove illegitimacy is of a negative character, except proof of some admissions on the part of the mother, Emily Anderson. The negative proof was given through some witnesses who were neighbors of the Andersons, to the effect that they had never seen King D. Anderson go to the home of Emily Anderson, his wife, during the time intervening between the date of the separation and the date of the birth of the plaintiff. This negative evidence necessarily covers but a small part of the time. It is not even suggested that King D. Anderson lacked procreative powers. Living within four squares, it will be seen at once that negative evidence would not even tend to prove nonaccess or impossibility of his being the father.

Evidence was offered, through the testimony of the witness Tom Maddux, to the effect that Emily Anderson had told him that one Sam Beely was the father of plaintiff. The same admission was testified to by Mrs. Cornelia Powell, the niece of King D. Anderson. Mrs. Powell also testified that "Sam Beely had sent some money and clothes to Mrs. Anderson for the child." While this evidence would

seem to violate the hearsay rule, the weight of authority supports its admissibility. However, such evidence must be considered with caution. It would indeed make it easy to illegitimatize children born in lawful wedlock, if such hearsay evidence of declarations was to be given full credit. Some documentary evidence and court records were offered, but were of no probative force.

We are of the opinion that the evidence does not overcome the strong presumption that the plaintiff was the legitimate child of King D. Anderson and Emily Anderson. The plaintiff is therefore entitled to have the premises described in her petition partitioned, as prayed for.

We have not commented on the numerous cases bearing on the question other than the case of *Powell* v. *State, ex rel. Fowler, supra*. However, the following are in point, and sustain the propositions of law as herein expressed: *Patterson* v. *Gaines,* 6 How., 550, 12 L. Ed., 553; 7 Corpus Juris, 940, Section 5 *et seq.* Cases cited in *Powell* v. *State, ex rel. Fowler,* 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255; *Hemmenway* v. *Towner and wife,* 1 Allen (83 Mass.), 209; *Dirion* v. *Brewer, Admr.,* 20 Ohio App., 298, 151 N. E., 818; 22 Corpus Juris, 240 *et seq.; Gregg, Guardian,* v. *Zimmerman,* 85 Ohio St., 469, 98 N. E., 1125.

A decree may be presented granting partition, and the case will be remanded to the court of common pleas for execution.

*Decree for plaintiff.*

MILLS and CUSHING, JJ., concur.

Judges HAMILTON, MILLS and CUSHING, of the First Appellate District, sitting in place of Judges ALLREAD, KUNKLE and FERNEDING, of the Second Appellate District.