**Jeanette GRAY, Plaintiff-Appellant,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 72–1416.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1972.

Decided and Filed March 1, 1973.

John L. Wolfe, Akron, Ohio, for plaintiff-appellant.

Donald D. Weisberger, Asst. U. S. Atty., Cleveland, Ohio, for defendant-appellee; Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

The legitimacy of a minor child is the issue presented in this Social Security case. The District Court, 340 F.Supp. 680, upheld the decision of the Secretary to the effect that the child is not the daughter of the wage earner. We reverse.

The child is Tamara Lynn Gray, who was born November 24, 1962. Her mother, the plaintiff-appellant in this case, contends that Tamara is the legitimate daughter of Freddie M. Gray, who died in 1970 while insured under the Social Security Act.

Mr. and Mrs. Gray were married August 11, 1960. They lived together until January 1961, a period of four to five months. Mr. Gray sued for divorce. Mrs. Gray filed a cross-petition asking for alimony and contesting the divorce petition. She stated that she did not consent to a divorce at that time because she was still in love with her husband and was hopeful for a reconciliation. Mrs. Gray further testified that after their separation her husband continued to visit her sporadically for two or three days at a time and that these visits continued until the end of January 1962. She testified further that she was visited by her husband on the last day of January or the first day of February 1962, and during that visit they had sexual relations which were carried to completion on at least two occasions so as to make conception possible. She denied having sexual relations with any other man prior to that time or during the months immediately following that time. Subsequent to the alleged visit by her husband she missed her menstrual periods, and in April was advised by an obstetrician that she could expect a baby approximately on November 3, 1962. Mrs. Gray said that the baby was three weeks past due when she was born, and that she weighed nine pounds, two ounces, and was 21 inches long.

Prior to his death Mr. Gray denied that he ever had any sexual relations with his wife after their separation. He further alleged that he had undergone an operation for a vasectomy in 1950, making it impossible for him to become father of a child. The allegation of sterility resulting from the vasectomy was supported by Mr. Gray's surgeon, who conceded, however, that this operation is less than one hundred per cent effective.

Mr. Gray refused to submit to a blood test.

After all reconciliation attempts had proved ineffective, a divorce was granted on January 15, 1965, in a contested proceeding in the Common Pleas Court of Summit County, Ohio. Mr. Gray's attorney informed the Common Pleas Court of his client's claim of sterility, but the court expressly found that "one child, Tamara Lynn Gray, has been born to the plaintiff during lawful wedlock as the issue of said marriage."

On January 25, 1965, Mrs. Gray filed a claim with the Social Security Administration on behalf of herself and the child. Despite the finding of the Ohio Court to the contrary, the Secretary found that Tamara was not the daughter of Freddie Gray. Although the record contains substantial evidence supporting the findings of the Secretary, we hold that under the particular facts of this case and in consideration of the law of Ohio, the Secretary should have followed the holding of the State court.

Section 216(h)(2)(A) of the Social Security Act (42 U.S.C. § 416(h)(2)(A)) provides: [1]

"In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such."

The controlling question is whether, under the law of Ohio, Tamara would be entitled to share in the distribution of Mr. Gray's intestate personal property as his child. If Tamara is deemed to be a legitimate child of Freddie Gray, she would be entitled to a share under the Ohio statute of descent and distribution. § 2105.06, Ohio Rev. Code.

Ohio follows the common law rule that a child conceived during the existence of a lawful marital relation is presumed to be the legitimate issue of the marriage. This presumption is not conclusive. It may be rebutted by clear and convincing evidence to the contrary. State ex rel. Walker v. Clark, 144 Ohio St. 305, 58 N.E.2d 773 (1944). The presumption applies to questions of heirship. Harris v. Seabury, 30 Ohio App. 42, 164 N.E. 121 (Fayette Cty.Ct. of App.1928).

In the present case the right of the child to Social Security benefits is controlled by the Ohio law of intestate succession of personal property. We have no doubt that an Ohio probate court, in

---

1. The Act was amended in 1965 by the addition of § 216(h)(3) (42 U.S.C. § 416(h)(3)). The amendment provides that a child of an insured not qualifying under § (h)(2) may nevertheless be deemed a child of the insured if:

"(B) in the case of an insured individual entitled to disability insurance benefits, or who was entitled to such benefits in the month preceding the first month for which he was entitled to old-age insurance benefits—

"(i) such insured individual—

"(I) has acknowledged in writing that the applicant is his son or daughter,

"(II) has been decreed by a court to be the father of the applicant, or

"(III) has been ordered by a court to contribute to the support of the applicant because the applicant is his son or daughter,

and such acknowledgment, court decree, or court order was made before such insured individual's most recent period of disability began;"

This 1965 amendment was not in effect at the time the application was filed in the present case.

determining an issue of intestate succession, would follow an adjudication of legitimacy made by an Ohio Court of Common Pleas in a contested divorce case.[2]

Although the Secretary is not bound by the decision of a State trial court in a proceeding to which he was not a party, we hold that he is not free to ignore an adjudication of a state trial court where it is fair and consistent with the law as enunciated by the highest court of the State. Legory v. Finch, 424 F.2d 406 (3rd Cir. 1970). We are convinced that the Supreme Court of Ohio would hold, under the facts of the present case, that the right of Tamara Lynn Gray under the Ohio law of intestate succession would be controlled by the decision of the Common Pleas Court in the contested divorce proceedings.

■ Since this is a situation falling within the general category of domestic relations, special deference should be given by federal tribunals to the resolution by the State court. Traditionally the states, not the federal government, have been considered the exclusive arbiter of these problems. In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); Harris v. Turner, 329 F.2d 918 (6th Cir.), cert. denied, 379 U.S. 907, 85 S.Ct. 202, 13 L.Ed.2d 180 (1964), rehearing denied, 379 U.S. 985, 85 S.Ct. 673, 13 L.Ed.2d 578 (1965); Carqueville v. Woodruff, 153 F.2d 1011 (6th Cir. 1946).

■ We therefore hold that the Secretary should have accepted the determination made by the State court. Such a holding is proper in the present case where the following prerequisites are found: 1) An issue in a claim for social security benefits previously has been determined by a State court of competent jurisdiction; 2) this issue was genuinely contested before the State court by parties with opposing interests; 3) the issue falls within the general category of domestic relations law; and 4) the resolution by the State trial court is consistent with the law enunciated by the highest court in the State.

We find that the present case is distinguishable from the cases relied upon by the Secretary. In both Cruz v. Gardner, 375 F.2d 453 (7th Cir.), cert. denied, 389 U.S. 886, 88 S.Ct. 160, 19 L.Ed.2d 184 (1967), and Cain v. Secretary of Health, Education and Welfare, 377 F.2d 55 (4th Cir. 1967), *ex parte* State trial court decisions were involved.[3] Both decisions speak of serious questions as to the consistency of the decision of the trial courts with the law enunciated by the highest State court. Our decisions in Dowell v. Gardner, 386 F.2d 809 (6th Cir. 1967), and Old Kent Bank & Trust Co. v. United States, 362 F.2d 444 (6th Cir. 1966), also involved *ex parte* trial court decisions.

We reemphasize that the divorce decree which adjudicated Tamara Lynn Gray to be the lawful issue of the marriage of her mother and Freddie M. Gray, was rendered in a contested proceeding. This finding was in accord with the strong presumption under Ohio law that a child conceived during the existence of a lawful marriage is the legitimate issue of the marriage and is consistent with the law enunciated by the appellate courts of Ohio.

Reversed and remanded for a determination of benefits.

---

2. The record in the present case reveals that Tamara Lynn Gray was listed as Mr. Gray's heir when his estate was released from administration by the Probate Division of the Common Pleas Court of Stark County.

3. For results contrary to *Cruz* and *Cain* see Collins v. Celebrezze, 250 F.Supp. 37 (S.D. N.Y.1966); and Zeldman v. Celebrezze, 252 F.Supp. 167 (E.D.N.Y.1965).