

Thomas R. Pitts, Ben Sheere Co., Akron, Ohio, for plaintiff.

Richard J. French, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION

DOWD, District Judge.

Plaintiff Michele Sommerville brings this action for judicial review of a final decision of the Secretary of the Department of Health and Human Services denying plaintiff's application for surviving child's insurance benefits under 42 U.S.C. § 402(d)(1).

Plaintiff filed her complaint in this case pursuant to 42 U.S.C. § 402(g) with this Court on May 30, 1984. Defendant filed her answer to plaintiff's complaint on August 31, 1984. Plaintiff filed her motion for summary judgment on October 12, 1984, and defendant filed her motion for summary judgment on October 19, 1984. Pursuant to the Court's order of May 30, 1984, assigning this case to United States Magistrate Charles R. Laurie, Magistrate Laurie issued his Report and Recommendation of this case on May 6, 1985, in which he recommended that plaintiff's motion for summary judgment be granted, defendant's motion for summary judgment be denied, and that plaintiff be awarded a back payment of benefits from the time they were discontinued in February of 1983. The defendant has filed objections to the Magistrate's report and recommendation, and plaintiff has filed her response thereto. In order to properly understand the current status of this case, a review of its procedural history is necessary.

**Michele SOMMERVILLE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C84–1799A.**

United States District Court, N.D. Ohio, E.D.

May 31, 1985.

## PROCEEDINGS BELOW

Plaintiff filed an application for surviving child's insurance benefits on behalf of

her son, Dameon L. Sommerville, born July 5, 1980, on October 10, 1980. The application was denied upon initial review on December 26, 1980, but granted on June 1, 1981 after new evidence was submitted to the defendant. This evidence caused the defendant to reverse its initial determination and grant benefits. On February 27, 1982, upon a request for reconsideration from the decedent wage earner's ex-wife, the defendant reversed its ruling granting benefits and notified plaintiff accordingly. Subsequently, in May of 1982, plaintiff was notified that due to defendant's decision reversing its ruling granting benefits, plaintiff had received an overpayment in the amount of $4,091.70, and was required to repay defendant that amount. Plaintiff requested reconsideration of the decision on July 2, 1982. On January 28, 1983, the defendant issued to plaintiff its decision upon plaintiff's request for reconsideration, stating that plaintiff was without fault for the overpayment of benefits in the amount of $3,531.10, and therefore waived recovery of that amount. However, the defendant found that plaintiff did not meet the requirements for waiver for the overpayment of $560.60, and accordingly directed plaintiff to pay that amount to the defendant. On February 28, 1983, plaintiff filed her request for a hearing on that decision.

A hearing on the matter was held before an Administrative Law Judge (hereinafter "ALJ") on June 8, 1983. Following that hearing, the ALJ issued his decision on August 31, 1983, in which he found that Dameon L. Sommerville is the child of the decedent wage earner under Ohio law and within the meaning of § 216(h)(2)(A) of the Social Security Act, and accordingly entitled to surviving child's insurance benefits pursuant to the application filed on his behalf.

The ALJ based his decision upon the February 3, 1981 report of a referee from the Probate Division of the Summit County Court of Common Pleas, upon complaints for determinations of heirship and legitimization, consolidated for hearing because of common questions of law and fact. In his report, the referee found as follows: that the decedent wage earner died intestate; "that the decedent ... acknowledged [Dameon L. Sommerville] to be his own offspring at all times;" that Dameon L. Sommerville was the issue of the decedent wage earner and plaintiff; "that it would be in the best interests of said child to be recognized as the true and legitimate child of decedent as though born to him in lawful wedlock," Tr. 105; and that accordingly, the child was entitled to participate in the distribution of the decedent wage earner's estate pursuant to Ohio Rev.Code § 2105.06, and receive a one third distribution of the wage earner's property. That report was adopted as an order of the Summit County Court of Common Pleas, Probate Division. Tr. 106.

On May 1, 1984, the Social Security Administration Office of Hearing and Appeals Council (hereinafter "Appeals Council") reversed the decision of the ALJ. The specific issue upon which the Appeals Council focused was whether Dameon L. Sommerville had the status of a "child" of the insured under §§ 216(h)(2)(A) or 216(h)(3)(C) of the Social Security Act. The Appeals Council found that "[a]lthough the evidence indicates that the deceased wage earner was the biological father of the child, this is not sufficient to establish that Dameon Sommerville has the status of a 'child' under section 216(h) of the Social Security Act."

The Appeals Council found that the evidence eliminated the possibility of the applicant's entitlement to benefits under § 216(h)(2)(B) of the Social Security Act, 42 U.S.C. § 416(h)(2)(B), since no marriage had occurred between plaintiff and the decedent wage earner.[1] The Appeals Council

---

1. The Court notes that 42 U.S.C. § 416(h)(2)(B) applies where an applicant is the child of an insured individual but is not deemed to be the child of the insured individual under subparagraph (A). As discussed *infra,* subparagraph (A) provides that the Secretary should look to the applicable state law regarding intestate succession in order to determine who is a parent or child under the Social Security Act. Subparagraph (B) provides that a child of the insured

further found that the evidence eliminated the possibility of the applicant's entitlement to benefits under § 216(h)(3)(C) of the Social Security Act, 42 U.S.C. § 416(h)(3)(C), since: (1) the decedent wage earner had not acknowledged in writing that the child was his; (2) there had been no judicial determination of paternity prior to the decedent wage earner's death; and (3) the decedent wage earner, at the time of his death, had not been living with or contributing to the child's support.[2]

The Appeals Council then proceeded to consider whether Dameon L. Sommerville had the status of a "child" under § 216(h)(2)(A) of the Social Security Act, 42 U.S.C. § 416(h)(2)(A), i.e., whether under Ohio law Dameon L. Sommerville could take by intestate succession the insured's personal property as the decedent wage earner's "child." The Appeals Council focused on Ohio Rev.Code § 2105.18, finding that section to provide only two means "whereby a child born out of wedlock may acquire rights of inheritance with respect to his father who died intestate." The first means, the Appeals Council found, was intermarriage between the child's parents, a

means the Appeals Council found inapplicable to this case. The second means the Appeals Council recognized was a formal acknowledgement filed by the child's father in probate court that the child was his, which the Appeals Council found the child's father had not done.[3]

The Appeals Council found that the order of the Summit County Probate Court finding Dameon L. Sommerville to be the child of the plaintiff and the decedent wage earner, and therefore entitled to participate in the distribution of his estate pursuant to Ohio Rev.Code § 2105.06, was inconsistent with Ohio law. In support of that conclusion, the Appeals Council cited *Gray v. Richardson*, 474 F.2d 1370 (6th Cir.1973), for its ruling that "[a]lthough the Secretary is not bound by the decision of a State trial court in a proceeding to which he was not a party, ... he is not free to ignore an adjudication of a state trial court where it is fair and consistent with the law as enunciated by the highest court of the State." *Id.* at 1373. The Appeals Council found that the probate court order was not a declaration of an heir by the decedent wage earner under Ohio Rev.Code § 2105.15[4] or

---

2. individual, notwithstanding the child's failure to be deemed as such under subparagraph (A), shall nevertheless be deemed to be the child of such insured individual if such insured individual and the mother or father, as the case may be, of such applicant went through a marriage ceremony resulting in a purported marriage between them which, but for a legal impediment ... would have been a valid marriage.

2. Under 42 U.S.C. § 416(h)(3)(C),

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

(C) in the case of a deceased individual—
(i) such insured individual—
(I) had acknowledged in writing that the applicant is his or her son or daughter,
(II) had been decreed by a court to be the mother or father of the applicant, or
(III) had been ordered by a court to contribute to the support of the applicant because the applicant was his or her son or daughter, and such acknowledgement, court decree, or

court order was made before the death of such insured individual, or

(ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.

3. The decision of the Appeals Council is dated May 1, 1984. Ohio Rev.Code § 2105.18 was revised by the legislature effective June 29, 1982, and the first means recognized by the Secretary, intermarriage between the child's parents, was omitted from the new section. The Appeals Council apparently relied on the earlier version of § 2105.15.

4. Ohio Rev.Code § 2105.15 provides, in part, that:

A person of sound mind and memory may appear before the probate judge of his county and in the presence of such judge and two disinterested persons of such person's acquaintance, file a written declaration declaring that, as his free and voluntary act, he did designate and appoint another, stating the name and place of residence of such person specifically, to stand toward him in the relation of an heir at law in the event of his death.

an acknowledgement of paternity under Ohio Rev.Code § 2105.18. Further, the Appeals Council found that while under § 2105.14 [5] "a posthumous child [can] inherit as if born in the lifetime of the decedent, this child, if born during the insured's lifetime, could inherit only if one of the specific legitimating acts had been satisfied." Consequently, the Appeals Council found that under Ohio law, Dameon L. Sommerville "would not have the status of a child capable of taking intestate personal property" of Lamont D. Merriweather.

Based on its analysis, the Appeals Council then made the following findings, which resulted in the initiation of this action.

1. The wage earner, who died on June 13, 1980 domiciled in the State of Ohio, was fully insured at the time of death.

2. The claimant filed an application for child's insurance benefits on her son's behalf on October 10, 1980.

3. The child, Dameon L. Sommerville, was born on August 5, 1980, and is unmarried.

4. The claimant and the deceased wage earner were never married.

5. The child is not considered the "child" of the wage earner under either section 216(h)(2)(A) or 216(h)(3)(C) of the Social Security Act.

6. The child does not meet the dependency requirements set forth in sections 202(d)(3) of the Act or 404.361 of Regulations No. 4.

7. The claimant is without fault in causing an overpayment of $3,531.10 for the months February 1981 through February 1982 and recovery is deemed to be against equity and good conscience.

8. The claimant is not without fault with respect to the overpayment of

$560.60 for the months March and April 1982.

Tr. 10.

In his report and recommendation, the Magistrate opined that Dameon L. Sommerville was entitled to surviving child insurance benefits under the Uniform Parentage Act, Ohio Rev.Code Chapter 3111, where the Summit County Common Pleas Court had determined that Dameon L. Sommerville was the child of the decedent wage earner. In his report, Magistrate Laurie wrote "that it is well within a Probate Court's discretion to make a determination whether a parent child relationship exists, and such determination is dispositive." The Magistrate thus concluded that he had "no alternative but to give comity to [the decision of the Summit County Common Pleas Probate Court]." The Magistrate further wrote that "once the parent and child relationship is established, as here, the child is justified in receiving surviving child's insurance benefits under section 216(h)(2)(A), *supra*, the same as a child born in wedlock would receive."

## DISCUSSION AND LAW

Under 42 U.S.C. § 402(d)(1), a child of an individual who is entitled to old age or disability insurance benefits, or of an individual who dies fully or currently insured, is entitled to surviving child's insurance benefits if the child files his application for the benefits, and at the time he files the application is unmarried and under the age of 18, or a full time student under the age of 22, or a full-time elementary or secondary school student under the age of 19, or is under a disability which began before he reached the age of 22, and was dependent upon such individual at the time of his death. The term child is defined in 42 U.S.C. § 416(e), which provides that the term "child" means the child or the legally adopted child of an individual.

---

5. Ohio Rev.Code § 2105.14 provides as follows:
   Descendants of an intestate begotten before his death, but born thereafter, in all cases will inherit as if born in the lifetime of the intestate and surviving him; but in no other case can a person inherit unless living at the time of the death of the intestate.

While the Social Security Act does not provide the procedures for determining whether an applicant is the child of a fully or currently insured individual, 42 U.S.C. § 416(h)(2)(A) provides that for the purpose of determining whether an applicant is the child of such an individual, the Secretary should apply the law that would apply in determining "the devolution of intestate personal property" in the state in which the insured individual was domiciled at the time of his death. That section further provides that any status given to an individual, for the purpose of taking intestate personal property, as a parent or child under the appropriate state law, shall likewise be the status given the individual for the purpose of determining who is a parent or child under the Social Security Act.

The Ohio law determining intestate succession is set out in Ohio Rev.Code §§ 2105.06 and 2105.11.[6] Under Ohio Rev. Code § 2105.17, children born out of wedlock are capable of inheriting or transmitting inheritance from and to their mother as if they were born in lawful wedlock. Children who are born out of wedlock cannot inherit through their natural father unless their father, pursuant to Ohio Rev. Code § 2105.18, applies for and is granted an acknowledgement of paternity by the probate court of the county in which he resides.

However, on June 29, 1982, the Uniform Parentage Act became effective in the State of Ohio. That Act, as the Magistrate has noted in detail, provides for equality for all children regardless of the marital status of their parents. Under the Act, the "parent and child relationship" means the legal relationship between a child and the child's natural or adoptive parents, including the mother and child relationship and the father and child relationship. *See* Ohio Rev.Code § 3111.01(A). That section expressly provides that "the parent and child relationship extends equally to all children and all parents, regardless of the marital

status of the parents." *Id.* at (B). Further, under Chapter 3111, an action may be brought in juvenile court, to which the natural mother and alleged natural father shall be made parties, by or on behalf of the child prior to his twenty third birthday, in order to permit the juvenile court to determine "the existence or nonexistence of the father and child relationship." *See* Ohio Rev.Code §§ 3111.04–3111.08. The Act provides that the decision of the court "is determinative for all purposes." Ohio Rev.Code § 3111.13. The Magistrate clearly relied on the Uniform Parentage Act in writing his report and recommendation of this case.

On May 16, 1985, defendant filed her objections to the Magistrate's report and recommendation. In a memorandum filed in support of her objections, defendant asserts that the Magistrate erred in relying upon the Uniform Parentage Act since it did not become effective until June 29, 1982, while the decedent wage earner died on June 13, 1980, and Dameon L. Sommerville was born August 5, 1980. Defendant argues that the probate court's decision adopting the report of the referee was filed on April 6, 1981, that the Uniform Parentage Act was not in effect during the time period in question, and that the Act is not retroactive in application.

Defendant asserts that the Secretary could not ignore the decision of the probate court had it been consistent with state law, but states that the decision was not consistent with state law, citing *White v. Randolph*, 59 Ohio St.2d 6, 391 N.E.2d 333 (1979), *appeal dismissed sub nom Jackson v. White for want of substantial federal question*, 444 U.S. 1061, 100 S.Ct. 1000, 62 L.Ed.2d 743 (1980). Defendant argues that at the time of the decedent wage earner's death, the only means by which an illegitimate child could acquire inheritance rights in Ohio was under Ohio Rev.Code § 2105.-18, which, as discussed *supra*, specifies certain procedures to be followed by a nat-

---

**6.** Ohio Rev.Code § 2105.06 provides for the descent and distribution of the property of a person who dies intestate. Ohio Rev.Code § 2105.-

11 provides that the intestate's estate descends equally to his children.

ural father in order to establish the fatherhood of his child. Defendant further points to Ohio Rev.Code § 2105.15, which, as noted *supra, see* footn. 4, permits an individual to file a written designation of heirship with a probate judge of his county. However, defendant argues, these provisions do not permit a child to "inherit based on a posthumous determination of paternity," again citing *White v. Randolph, supra.* Defendant argues that the probate court decision is inconsistent with Ohio law as articulated by the Ohio Supreme Court where Dameon L. Sommerville's father did not take steps to "legitimatize" Dameon in accordance with Ohio Rev.Code § 2105.18. Defendant argues that the Secretary is accordingly not required to follow the decision of the probate court, citing *Gray v. Richardson, supra,* and *Murphy v. Harris,* Unempl.Insur.Rep. (C.C.H.) ¶ 17,530 (Dec. 5, 1980). The Secretary thus requests that the Court overrule the report and recommendation of the Magistrate.

Plaintiff filed her brief in response to defendant's objections on May 28, 1985. In her brief, plaintiff argues that the Ohio legislature intended the Uniform Parentage Act to be applied prospectively and retrospectively, and that Magistrate Laurie correctly relied on that Act in determining that Dameon L. Sommerville was entitled to surviving child's insurance benefits under § 216(h)(2)(A) of the Social Security Act, 42 U.S.C. § 416(h)(2)(A). Plaintiff argues that the case of *Murphy v. Harris,* cited by defendant, is inapposite to the case at bar.

Plaintiff argues that the record verifies decisions made by the Social Security Administration on June 1, 1981, Tr. 68, the ALJ, and Magistrate Laurie in support of plaintiff's position that Dameon L. Sommerville is entitled to receiving surviving child insurance benefits from the decedent wage earner.

Questions similar to those raised by this cases were addressed by the Hon. Ann Aldrich of this Court in *Davis v. Secretary of Health and Human Services,* Case no.

C83–2054, 2499–298 (C.C.H.) ¶ 15906 (Oct. 24, 1984). In that case, Judge Aldrich addressed plaintiff's argument that her right to benefits was not dependent upon 42 U.S.C. § 416(h)(3)(C)(ii) [7] where the plaintiff was the decedent wage earner's child and entitled to inherit by intestate succession under state law, and therefore entitled to benefits under 42 U.S.C. § 402(d)(1). Judge Aldrich noted that plaintiff's position was premised upon Ohio Rev.Code Chapter 3111, the Uniform Parentage Act, effective June 29, 1982, a date subsequent to the birth of the child involved and to the date of the underlying application for benefits, but prior to the dates of the rulings of the ALJ and the Appeals Council rejecting plaintiff's claim. Addressing the applicability of the Act, the Court noted that the circuits were divided on the issue, and that some have held "that the law in effect at the time of the wage earner's death controls," while "others look ... to the law as of the date of the application, ... and still others adopt ... the law in effect as of the date of decision," *id.* at 299 [citations omitted]. The Court found the last of these three positions to be the most sound. Judge Aldrich wrote, "Such approach is consistent with the general rule that, absent some indication of the legislative intent to the contrary, cases are to be decided under the law as of the date of ruling unless to do so would work a manifest injustice, and reflective of the rule that in resolving social security disability claims amendments to the Act itself are given retroactive effect." *Id.* [Citations omitted.]

Having found that Ohio Rev.Code Chapter 3111 was applicable, the Court then proceeded to consider plaintiff's theory on its merits, finding no conflict between its conclusion that under Ohio Rev.Code "Chapter 3111, and particularly section 3111.01(B), once a child born out of wedlock is judicially determined to be the natural child of the father, such child may take by intestate succession under [Ohio Rev.Code

---

7. *See* footnote 2, *supra.*

§§ 2105.06 and 2105.11]," and Ohio Rev. Code § 2105.18. The Court stated that in its view, § 2105.18 and Chapter 3111 were complementary, the former provision "providing a vehicle for the natural father to voluntarily establish paternity, and the latter providing a vehicle for the child to establish paternity with or without the natural father's acquiescence, both culminating in the same end result—legal recognition of the child's standing in a parent-child relationship to the natural father, possessing all the legal rights which devolve from that relationship." *Id.* at 300.

Noting that the ALJ had determined that the child in question was the natural child of the wage earner, and that the Appeals Council had incorporated that finding of fact in its decision, the Court held that once the parent—child relationship had been accepted by the Secretary, the child was entitled to the benefit of Ohio Rev.Code § 3111.01. That section, the Court wrote, "calls for [the child] to be recognized on an equal basis with children born in wedlock and, therefore, entitled to inherit by intestate succession." *Id.* Accordingly, the Court granted such recognition and held that the child was entitled to surviving child's insurance benefits under 42 U.S.C. §§ 402(d)(1) and 416(h)(2)(A). The Court found that the Secretary's consideration of 42 U.S.C. § 416(h)(3)(C) was unnecessary since "[the child] would then be considered either as "the child" or "deemed to be" the child of the insured individual and excluded from the class which must satisfy the requirements of § 416(h)(3)(C) to establish entitlement." *Id.*

Recognizing potential arguments with its conclusion, the Court wrote that its interpretation of the Social Security Act was not inconsistent with 42 U.S.C. § 416(h)(3)(C), "which does not grant entitlement to child's insurance benefits based only upon parentage" since, "by reason of the fact

that under the basic terms of the Act itself section 416(h)(3)(C) never comes into play if the deceased's offspring is entitled to inherit by intestate succession under state law." *Id.*[8]

The Court also addressed the foreseeable argument that in a Social Security case, a fact-finding of parentage by the ALJ and/or the Appeals Council is insufficient without a decree entered in an action brought under Chapter 3111 in order for a child to be found entitled to benefits thereunder. Finding such an approach "duplicative and contrary to the remedial purposes of the Social Security law," *id.* at 301, the Court wrote that proceedings under both the Uniform Parentage Act and under the Social Security Act are nonadversarial and "designed to produce the same end, a reliable determination, based upon adequate evidence, as to parentage...." *Id.* For that reason, the Court held that it saw no basis "for denying the decision of the ALJ the same respect, and the same legal effect, as would be given the same ruling by a state judicial officer." *Id.*

The Court has reviewed the record before it, and finds that like the *Davis* case, the ALJ in this case, as noted, determined that Lamont J. Merriweather was the natural father of Dameon L. Sommerville, a fact recognized in the Appeals Council's Decision. Borrowing the Court's language in *Davis*, this Court finds that "once that parent-child relationship was accepted by the Secretary, [Dameon L. Sommerville] was entitled to the benefits of section 3111.01 of the Ohio Revised Code, which calls for him to be recognized on an equal basis with children born in wedlock...." The Court further finds that notwithstanding the fact that no decree has been entered in an action under Chapter 3111 involving the parties to the case at bar, the decision of the ALJ that the child Dameon

---

**8.** Explaining the reason for the different "qualifying criteria," the Court wrote

> that a diminishing number of states have not yet seen fit to cease punishing children because the parents were never married, and ... some means must be provided under fed-

eral laws for allowing the child to establish the indirect right to be supported by the parent, rather than the public, which less enlightened state law might not provide. [Footnote omitted].

*Id.*

L. Sommerville was the son of plaintiff and the decedent wage earner, LaMont D. Merriweather, was "a reliable determination, based upon adequate evidence, as to parentage." The record reveals, in support of the ALJ's decision, the affidavits of the plaintiff, the wage earner's mother, the wage earner's sister, a friend of the wage earner, the mother of the plaintiff, and a friend and neighbor of the plaintiff all support the plaintiff's allegations. Likewise, as noted *supra*, the Summit County Probate Court found Lamont D. Merriweather to be the natural father of Dameon L. Sommerville, based upon Merriweather's acknowledgement of the child to be his own, and found the child entitled to participate in the distribution of Merriweather's estate by intestate succession under Ohio law.

Therefore, consistent with, and for the reasons stated in, the opinion of the Court in *Davis v. Secretary, supra,* the Court finds that the defendant's objections are without merit, and that Dameon L. Sommerville, pursuant to the finding of the ALJ, made subsequent to the effective date of the Ohio Uniform Parentage Act, was the child of the decedent wage earner, and therefore entitled to surviving child's insurance benefits under 42 U.S.C. §§ 402(d)(1) and 42 U.S.C. § 416(h)(2)(A). Accordingly, the report and recommendation of Magistrate Charles R. Laurie is adopted, and the claimant is awarded surviving child's insurance benefits under the Social Security Act, as well as all past due benefits since they were wrongfully discontinued in February of 1983.

IT IS SO ORDERED.