Annie M. PEARSON,
Plaintiff–Appellant;

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant–Appellee.

No. 88–4696
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 2, 1989.

Stella Terrell, Central Mississippi Legal Services, Jackson, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., Pshon Barrett, Asst. U.S. Atty., Jackson, Miss., for defendant-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Annie M. Pearson appeals the denial of social security disability benefits. Concluding that the administrative law judge (ALJ) incorrectly applied the Secretary's medical-vocational guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, in determining Pearson's disability status, we reverse and remand.

*Background*

Pearson, 39 years of age, is five feet one and one-quarter inches tall and weighs over 300 pounds. She has a ninth-grade education. In October of 1982 she quit her job as a cook and filed an application for disability benefits. Pearson claims that she suffers from a nervous disorder and experiences pain in her left leg, back, and chest. After a hearing the ALJ recommended a denial of benefits, a recommendation accepted by the Secretary. When Pearson sought judicial review, the district court remanded for additional consideration of her claimed mental impairment. Following a supplemental hearing, the ALJ again recommended a finding that Pearson was not disabled. The Secretary again accepted the ALJ's recommendation and the district court denied relief. Pearson timely appealed.

*Analysis*

Appellate review in social security cases is limited to a determination whether the Secretary's decision is legally correct and supported by substantial evidence. 42 U.S.C. § 405(g); *Underwood v. Bowen,* 828 F.2d 1081 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 758, 98 L.Ed.2d 770 (1988); *Dellolio v. Heckler,* 705 F.2d 123 (5th Cir.1983). We have noted that substantial evidence "is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dellolio,* 705 F.2d at 125. Moreover, "[w]e may not reweigh the evidence or substitute our judgment for that of the Secretary, but we must scrutinize the record in its entirety to ascertain whether substantial evidence does indeed support the Secretary's findings." *Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir.1987).

Pearson advances three points of error. She first challenges the ALJ's conclusion that she did not meet or equal a listed impairment under the Secretary's listing of impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, any of which, if present, requires an automatic finding of disability without consideration of a claimant's age, education, or work experience. 20 C.F.R. § 404.1520(d). Pearson claims that she met the criteria listed for the impairment of obesity under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 10.10.[1] It is undisputed that

---

1. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 10.10 provides:

*Obesity.* Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level) and one of the following:

A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight bearing joint or spine; or

B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or

C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or

D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema; or

Pearson falls within the definition of obesity. The ALJ concluded, however, that Pearson did not exhibit any of the five conditions that must accompany obesity for a disability rating under section 10.10. Pearson claims qualification under section 10.10(A), which refers to pain and limitation of motion in any weight-bearing joint associated with x-ray evidence of arthritis. Alternatively, Pearson contends that her multiple ailments, including hypertension, diabetes, respiratory impairment, and chronic anxiety, when considered together, render her disabled under section 10.10.

The record establishes that although Pearson complained of pain in her left knee, an x-ray taken on June 12, 1979 indicated that the knee was normal. In June of 1980, Pearson injured her left knee while playing baseball. Another x-ray was taken on June 26, 1980.[2] On July 30, 1980, Pearson was examined by Dr. George Purvis. Although Dr. Purvis concluded that Pearson suffered from mild hypertrophic arthritis of her left knee, he noted that the knee had a full range of motion. Dr. Leon Binns conducted an examination of Pearson on November 13, 1982 and concluded that she had osteoarthritis of the left knee. Dr. Binns noted that flexion and extension could be accomplished, but with difficulty. On November 13, 1984, Pearson was examined by Dr. W.G. McDonald, who noticed no heat, warmth, or significant swelling of Pearson's left knee and found full range of motion in extension and flexion.

█ The absence of x-ray evidence of arthritis and the reports of the two doctors that Pearson had a full range of motion in her left knee suffice to support the ALJ's finding that Pearson did not meet the disability threshold of section 10.10(A). Pearson's argument that her combined impairments rendered her disabled under section 10.10 is likewise unpersuasive. Although she complained of hypertension and shortness of breath, the record contains no evidence of persistent high blood pressure or respiratory disease. The ALJ concluded that Pearson's anxiety did not impose any significant limitation on her ability to function. That determination is supported by substantial evidence. And although Pearson has diabetes, there is no evidence to support the suggestion that the disease poses a limitation on her functional ability.

Pearson's second assignment of error questions the ALJ's finding that she can engage in light work. After concluding that Pearson's impairments prevented her from continuing to work as a cook, 20 C.F.R. § 404.1520(e), the ALJ considered whether the impairments prevented her from doing other work, § 404.1520(f). Relying on the Secretary's medical-vocational guidelines, 20 C.F.R. § 404.1569 and Pt. 404, Subpt. P, App. 2, Rule 202.18, the ALJ concluded that based on an exertional capacity for light work and her age, education, and work experience, Pearson was not disabled.

In determining whether work exists for a claimant, reliance may be placed on the medical-vocational guidelines "only if the guidelines' evidentiary underpinnings coincide exactly with the evidence of disability appearing on the record." *Lawler v. Heckler*, 761 F.2d 195, 197 (5th Cir.1985) (citations omitted). Indeed, section 404.-1569 states:

> [A]s we explain in § 200.00 of Appendix 2, we do not apply [the medical-vocational guidelines] if one of the findings of fact about the person's vocational factors and residual functional capacity is not the same as the corresponding criterion of a rule. In these instances, we give full consideration to all relevant facts in accordance with the definitions and discussions under vocational considerations.

*See also* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a). Thus, before the guidelines may be applied, the claimant's "residual functional capacity (i.e., the maximum de-

---

E. Respiratory disease with total forced vital capacity equal to or less than 2.0 L. or a level of hypoxemia at rest equal to or less than the values specified in Table III–A or III–B or III–C.

2. Although the ALJ noted that this x-ray also indicated that Pearson's left knee was normal, we were unable to verify this finding in the record.

gree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs) ... must first be determined." Id. § 200.00(c).

The ALJ made the following factual finding:

> The claimant has the residual functional capacity to perform the physical exertional and nonexertional requirements of work except for excessive heavy lifting and *prolonged standing and walking* (emphasis supplied).

Despite that finding, the ALJ concluded that Pearson has the capacity to perform light work. But according to the regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing,* or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.*

20 C.F.R. § 404.1567(b) (emphasis added). Moreover, the regulations state that the term "light work" has the same meaning it has in the *Dictionary of Occupational Titles,* published by the Department of Labor. Id. § 404.1567. According to the *Dictionary,* light work "usually requires walking or standing to a significant degree." Dictionary of Occupational Titles 101 (Dept. of Labor) (4th Ed. Supp.1986).

■ The ALJ found that Pearson is not capable of prolonged standing or walking. It necessarily follows that she does not have a residual functional capacity to perform light work as defined by the regulations. Accordingly, the ALJ erred in using Rule 202.18 in deciding Pearson's disability status. We therefore must remand for further proceedings. On remand the Secretary may opt to introduce testimony, if available, of specific jobs Pearson can perform that fall within the light work category but require no more walking or standing

than she is capable of performing. *See Lawler,* 761 F.2d at 198. Or the Secretary may seek to establish that Pearson has an exertional functional capacity to perform sedentary work, 20 C.F.R. § 404.1567(a) and Pt. 404, Subpt. P, App. 2, § 201.00, in which case resort to the medical-vocational guidelines may be appropriate. We, of course, express no view on either.

■ Pearson also contends that the ALJ erred in refusing her request for an orthopedic examination, a pulmonary function study, and a psychiatric exam. In *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir.1987), we stated:

> It is clear that the claimant has a burden of proving his disability by establishing a physical or mental impairment. *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985); 42 U.S.C. § 423(d)(5)(A). Under the applicable regulations, if sufficient medical or other evidence is not provided by the claimant, the secretary is required to make a decision based on the information available. See 20 CFR § 404.1516 (1986). Under some circumstances, however, a consultative examination is required to develop a full and fair record. 20 CFR § 404.1517 (1986). The decision to require such an examination is discretionary. In *Turner v. Califano,* 563 F.2d 669, 671 (5th Cir.1977), we stated "[t]o be very clear, 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision." (emphasis in original).

We concluded in *Jones* that a claimant must "raise a suspicion concerning such an impairment necessary to require the ALJ to order a consultative examination to discharge his duty of 'full inquiry' under 20 C.F.R. § 416.1444." *Id.* We are persuaded that Pearson's testimony, as corroborated by Dr. McDonald's report recommending "a forced vital capacity and blood gas determination" to qualify "the extent of her respiratory compromise secondary to her obesity," raises the requisite suspicion. On remand the Secretary is to secure a

pulmonary function study by a qualified medical expert.

The judgment of the district court is REVERSED. The matter is REMANDED to the Secretary for further proceedings consistent herewith.