Elizabeth WARREN, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant–Appellee.

No. 88–1825
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 4, 1989.

Bobbie Ross Edmonds, Fort Worth, Tex.,
for plaintiff-appellant.

Joseph B. Liken, Dallas, Tex., Marvin
Collins, U.S. Atty., Fort Worth, Tex., for
defendant-appellee.

Before POLITZ, KING and SMITH,
Circuit Judges.

PER CURIAM:

Plaintiff-appellant Elizabeth Warren (the
"plaintiff") appeals the district court's sum-
mary judgment in favor of defendant-appel-
lee Otis R. Bowen, Secretary of Health and
Human Services ("Secretary"), affirming
the decision of the Secretary that the plain-
tiff and her children are not entitled to
Social Security survivors' benefits. Find-
ing that substantial evidence supports the
findings of the administrative law judge
(the "ALJ") and that there was no error of
law in the disposition of the plaintiff's
claim, we affirm the judgment of the dis-

trict court upholding the Secretary's decision.

On August 22, 1983, the plaintiff filed an application for mother's insurance benefits under 42 U.S.C. § 402(g) and, on behalf of each of her children, Kevin McGrew and Sophia McGrew, filed an application for child's insurance benefits under 42 U.S.C. § 402(d), in each case on the account of R.E. Warren, a deceased wage earner (the "decedent"). The State Agency and the Social Security Administration denied her initial applications and her request for reconsideration. However, a hearing de novo was held before the ALJ on July 31, 1984. The ALJ found that Kevin McGrew and Sophia McGrew are not the "children" of the decedent under Texas law as required by 42 U.S.C. § 416(h)(2)(A), nor are they "children" of the wage earner under 42 U.S.C. § 416(h)(2)(C) since the decedent was never decreed by a court to be their father, was never ordered by a court to contribute to their support and never acknowledged them in writing. Further, the ALJ found that the decedent was not living with them or contributing to their support at the time of his death. Finally, the ALJ found that the plaintiff was not the widow of the decedent under Texas law as required by 42 U.S.C. § 416(h)(2)(A) and is not entitled to mother's benefits.

The Appeals Council denied the plaintiff's request for review, and the ALJ's decision therefore became the final decision of the Secretary.

On August 16, 1985, the plaintiff filed a complaint in the United States District Court for the Northern District of Texas to obtain a review of the decision of the Secretary. Both parties then moved for summary judgment. The United States Magistrate, to whom the matter had been referred, recommended that the Secretary's motion be granted. No objections were filed to the magistrate's report and recommendation. The United States District Judge adopted the magistrate's recommendations and entered judgment for the Secretary on September 12, 1988. The plaintiff appeals.

Judicial review of the Secretary's final decision denying social security benefits is limited under 42 U.S.C. § 405(g) to two inquiries: whether substantial evidence of record supports the decision, and whether any errors of law were made. *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir.1988). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance. *James v. Bowen,* 793 F.2d 702, 705 (5th Cir.1986). We may not reweigh the evidence or substitute our judgment for that of the Secretary, but we must scrutinize the record in its entirety to ascertain whether substantial evidence does indeed support the Secretary's findings.

The regulations governing entitlement to mother's insurance benefits as the widow of a deceased wage earner require that the claimant be the deceased wage earner's widow and that she have been married to him for at least the nine months immediately prior to his death. 20 C.F.R. §§ 404.-335(a)(1), 404.339(a). In addition, the claimant must have a child in her care who is either disabled or entitled to benefits on the deceased wage earner's account. 20 C.F.R. § 404.339(e).

An applicant for surviving child's insurance benefits as the stepchild of a deceased wage earner must show that his or her natural parent married the wage earner and remained in that status for at least the same nine-months period described above. 20 C.F.R. § 404.357. The applicant must also show that he or she was "dependent" upon the deceased wage earner and that he or she lived with or received at least one-half of his or her support from the deceased wage earner at the time of death. 20 C.F.R. § 404.363.

We agree with the Secretary, therefore, that the threshold issue in regard to the merits of the plaintiff's applications on her own behalf and on behalf of her two children is that of the existence of a marriage between the plaintiff and the decedent for at least the nine months immediately preceding his death.

### The Common Law Marriage

■ Because the plaintiff and the decedent concededly had ended their ceremonial marriage prior to the latter's death, the plaintiff undertook to show that a common law marriage existed between them under Texas law in order to establish her entitlement to benefits. Section 1.91 of the Texas Family Code sets out the criteria for establishing the existence of a common law marriage in Texas. The parties must agree to marry, live together in the state as husband and wife, and represent to others that a marriage existed. If the second and third criteria are met, the first may be inferred. Vernon's Ann.Tex.Stat. Family Code § 1.91(b); *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 166 (Tex.1981). Responsibility for determining the existence of a valid common law marriage rests with the finder of fact, in this case the ALJ. The plaintiff's brief points to evidence in the record which would support the conclusion that the parties had agreed to marry, had lived together in Texas as husband and wife and had represented to others that a marriage existed. The record is, however, replete with evidence to the contrary. Wholly apart from the testimony of the decedent's mother and sister, which the plaintiff attacks as biased and thus lacking in merit, there are several exhibits in the record containing evidence that the plaintiff and the decedent did not live together at the time of his death or any time in the preceding sixteen months. For example, while the plaintiff listed the decedent as her spouse when she entered the hospital to have her youngest son on March 28, 1980, she did not list his address as her place of residence. One month later, the plaintiff told the Texas Department of Human Resources that she had last lived with the decedent two years earlier, that he provided no support for her and that she had not seen him since the summer of 1979. The decedent's death certificate listed his residence as that of his cousin, with "none" listed in the surviving spouse column.

The plaintiff points to her own testimony in support of her contention that a common law marriage existed. But that testimony is, at a minimum, undermined by her application to the Texas Department of Human Resources. Further, although the plaintiff attacks the testimony of Ms. Green (the decedent's mother), that testimony (to the effect that decedent did not live with plaintiff) is consistent with the statement that Ms. Green made in her application for a lump sum death payment in July 1980, which was prepared before Ms. Green could be expected to know of the plaintiff's intention to advance a contrary argument.

The ALJ was in a position to make determinations regarding the credibility of the plaintiff, the decedent's mother and the decedent's sister. To the extent that his determination that a common law marriage did not exist between the plaintiff and the decedent at the time of the decedent's death is based on those credibility determinations, it is entitled to great deference from an appellate court which cannot see the witnesses and has only a cold record to review.

### Effect of State Court Judgment

■ One final matter should be addressed. After the plaintiff received two administrative denials of benefits, she obtained an ex parte Judgment Declaring Heirship (the "Judgment") in the Probate Court of Tarrant County, Texas, decreeing her to be the surviving spouse of the decedent and her youngest child to be the son of the decedent and dividing the decedent's property between them. The Judgment appears to have been supported by affidavits of the plaintiff's mother, two of the decedent's cousins and a fourth (evidently unrelated) individual, although only unsigned copies of those affidavits appear in the administrative record. The ALJ considered the Judgment as "part of the evidence," but held that "[t]he Social Security Administration is not bound by any decision made by a court in a proceeding to which we were not a party." The magistrate's report and recommendation agreed, noting the ex parte nature of the Judgment. We think that the effect of the Judgment was properly evaluated by the ALJ and the magistrate. The Secretary is under no constitutional compulsion to give full faith and

credit to the Judgment, nor is he bound by the Judgment under principles of res judicata since he was not a party to the probate court proceeding. He is obligated by statute, however, to determine what the courts of Texas would find to be the decedent's marital status at the time of his death. 42 U.S.C. § 416(h). We agree with the Fourth Circuit that "the courts" does not refer solely to an ex parte order of a trial court. See *Cain v. Secretary of Health, Education and Welfare,* 377 F.2d 55, 58 (4th Cir.1967). Instead, § 416(h) contemplates that the Secretary will determine the law of the state as would the highest court of that state in a proceeding contested by parties with opposing interests. *Id.; see also Gray v. Richardson,* 474 F.2d 1370 (6th Cir.1973). In making that determination, a decision by a state trial court as to a deceased wage earner's marital status —even an ex parte decision—should be considered by the Secretary. But it is only one part of a broader inquiry both into the facts and the applicable law. *See Marek v. Flemming,* 192 F.Supp. 528 (S.D.Tex.), *vacated on other grounds,* 295 F.2d 691 (5th Cir.1961); *cf. Ramsey v. United States,* 61 F.2d 444 (5th Cir.1932) (in suit on war risk policy by insured's administrator against government and joint beneficiary, state court's judgment in suit to which government was not a party, holding that beneficiary was not common law wife of insured, not binding on government). In this case, the ALJ and the magistrate considered the Judgment, but concluded on the basis of the full record, which contained the evidence supporting the Judgment and substantial conflicting evidence as well, that the Supreme Court of Texas would not hold that a common law marriage existed between the plaintiff and the decedent on the date of the decedent's death. The plaintiff does not even suggest that the ALJ or the magistrate misunderstood the Texas law; instead, she quarrels with the application of that law to the facts as she perceives them. Our conclusion with respect to the factual underpinnings of the ALJ's decision thus disposes of her challenge.

We conclude, on the dispositive issue in this appeal, that substantial evidence supports the factual finding of the ALJ that the plaintiff was not the widow of the decedent and that there was no error of law in the disposition of the plaintiff's claim. The judgment of the district court upholding the Secretary's decision is AFFIRMED.