883 F.2d 18
 26 Soc.Sec.Rep.Ser. 608, Unempl.Ins.Rep. CCH 14898A
Diana GARCIA, as Next of Friend for Richard D. Rodriguez,
Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 88-2819.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 11, 1989.
 
 John Barrow, Nicolas, Morris & Barrow, Corpus Christi, Tex., for plaintiff-appellant.
 Harold W. Campbell, Asst. U.S. Atty., Bob Worth, U.S. Atty., Corpus Christi, Tex., Joseph B. Liken, Asst. Regional Counsel, Dept. of Health & Human Services, Dallas, Tex., for Sullivan.
 Appeal from the United States District Court for the Southern District of Texas.
 Before POLITZ, DAVIS, and DUHE, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 Diana Garcia, on behalf of her minor son, Richard D. Rodriguez, appeals the district court's affirmance of the denial of her application for social security benefits under 42 U.S.C. Secs. 416(h) and 402(d), by the Secretary of Health and Human Services. Concluding that benefits are payable, we reverse and remand for entry of an appropriate judgment.Background
 
 
 2
 Richard Rodriguez, a wage earner, died on September 11, 1976. In February 1978 Garcia filed an application for surviving child's insurance benefits. Garcia and Rodriguez were never married but they established an intimate relationship in December 1975. Garcia became pregnant in August 1976, shortly before Rodriguez' death. Rodriguez and Garcia did not live together, and Rodriguez did not contribute to her support, but he gave her various gifts. The couple planned to marry in December 1976. The wedding dress was selected and Rodriguez paid a portion of the purchase price. Garcia's father, a minister, planned to perform the ceremony. Other marriage and post-marriage plans were incomplete.
 
 
 3
 In the initial application Garcia claimed that the infant was eligible for benefits because the decedent was the child's father and was contributing to her support at his untimely death.[1] Following a hearing before an Administrative Law Judge (ALJ), the Secretary denied Garcia's application for benefits on the basis that Rodriguez was not contributing to the child's support at the time of his death. The district court upheld the Secretary's decision and dismissed the claim.
 
 
 4
 In May 1986 Garcia obtained a decree from a competent Texas state court declaring that the deceased Richard Rodriguez was the father of her son Richard. She thereafter renewed her claim for benefits on behalf of the child under 42 U.S.C. Sec. 416(h)(2)(A), asserting that young Richard was eligible for benefits because he was entitled under Texas law to inherit from the deceased. The Secretary again denied benefits. On judicial review the magistrate recommended that the decision of the Secretary be reversed. The district court rejected this recommendation and granted summary judgment dismissing Garcia's claims. She timely appealed.
 
 Analysis
 
 5
 Judicial review of the Secretary's final decision denying social security benefits is limited to determining whether the decision is legally correct and supported by substantial evidence. 42 U.S.C. Sec. 405(g); Hollis v. Bowen, 837 F.2d 1378 (5th Cir.1988). We have noted that substantial evidence "is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir.1983). We may not reweigh the evidence or substitute our judgment for that of the Secretary, but we must scrutinize the record in its entirety to ascertain whether substantial evidence supports the Secretary's findings. Pearson v. Bowen, 866 F.2d 809 (5th Cir.1989).
 
 
 6
 A minor is entitled to survivor's benefits if he establishes that he would be entitled to inherit in an intestate distribution of the wage earner's personal property under the laws of the state where the wage earner was domiciled at the time of his death. 42 U.S.C. Sec. 416(h)(2)(A). When Garcia renewed the application for benefits,[2] section 42(b) of the Texas Probate Code allowed a child to inherit an intestate share from his father if: (1) born or conceived before or during the marriage of his father and mother; (2) legitimated by court decree as provided by section 42(b) of the Texas Probate Code; or (3) acknowledged by the father in a statement of paternity as provided by section 13.22 of the family code. See Tex.Prob.Code Ann. Sec. 42(b) (Vernon 1980). It is undisputed that the insured wage earner was not married to Garcia, and he did not execute a written statement of paternity. A valid judicial decree is the only means of satisfying the statutory requirement.
 
 
 7
 On May 29, 1986 Garcia obtained a final decree of paternity from a Texas state court declaring that the deceased Richard Rodriguez was the natural father of her minor child. The proceeding was undertaken as a paternity suit rather than a voluntary legitimation under section 13.21 et seq. of the Texas Family Code. Notice was given to all interested parties. Rodriguez' parents appeared on behalf of their deceased son, filed a waiver of citation, and consented to entry of judgment. Despite the adversarial nature of the proceeding the Secretary refused to give effect to the state court judgment, concluding that the paternity issue was not genuinely contested by parties with opposing interests.[3] We hold that under the particular facts of this case, and controlling Texas law, the Secretary should have accepted the ruling of the state court.
 
 
 8
 The Secretary is under no constitutional compulsion to give full faith and credit to the state court judgment, nor is he bound by the judgment under principles of res judicata since he was not a party to the proceeding. He is, however, obligated by statute to determine whether the courts of Texas would recognize the minor child as an intestate distributee under state law. Warren v. Secretary of Health and Human Services, 868 F.2d 1444 (5th Cir.1989). The Secretary is not bound by ex parte orders of state courts, but where a state trial court has adjudicated the issue in an adversarial setting the Secretary's inquiry is manifestly simplified: the Secretary should follow the decision of the state court, absent extraordinary reasons.
 
 
 9
 Assuming per arguendo that the judgment of the Texas court was an ex parte order, the Secretary is not free to ignore it. Warren, 868 F.2d at 1447. Section 416(h) contemplates that the Secretary will determine the law of the state as it has been declared by the supreme court of the state, or as it would have been decided by that court had the point been considered. The decision of a nisi prius court should be disregarded only where the Secretary is convinced that the decision is in conflict with what the state supreme court has held or would hold were the issue presented to it. Cain v. Secretary of Health, Education and Welfare, 377 F.2d 55 (4th Cir.1967). Our review of the record and applicable Texas law persuades that there is no basis for rejecting the decree of the Texas court, and no legal basis for refusing the child's claim for benefits. The Secretary erred in concluding otherwise.
 
 
 10
 REVERSED, RENDERED, and REMANDED for entry of an appropriate judgment.
 
 
 
 [1]
 In this circuit the test for determining whether the insured wage earner contributes to the support of a child in posse is whether the wage earner was contributing to the support of the mother at the time of death. Wagner v. Finch, 413 F.2d 267 (5th Cir.1969)
 
 
 [2]
 Under Cox v. Schweiker, 684 F.2d 310 (5th Cir.1982), the law in effect when the application for benefits is filed controls. Smith o/b/o Sisk v. Bowen, 862 F.2d 1165 (5th Cir.1989)
 
 
 [3]
 The Secretary followed Social Security Ruling 87-37c which provides in part:
 [A]lthough the Secretary is not bound by the decision of a State trial court in a proceeding to which he was not a party, he is not free to ignore an adjudication of a State trial court where the following prerequisites are found: (1) an issue in a claim for Social Security Benefits previously has been determined by a State Court of competent jurisdiction; (2) this issue was genuinely contested before the State Court by parties with opposing interests; (3) the issue falls within the general category of domestic relations law; and (4) the resolution by the State trial court is consistent with the law enunciated by the highest court in the State.