963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Louis P. COTE, Jr., Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICE, Defendant, Appellee.
 No. 91-2166.
 United States Court of Appeals,
First Circuit.
 June 10, 1992
 
 Gary L. Gasinghino and Craig & Wenners, P.A. on brief for appellant.
 Jeffrey R. Howard, United States Attorney, Donald A. Gonya, Chief Counsel for Social Security, A. George Lowe, Deputy Chief Counsel for Social Security Disability Litigation, and Kathleen C. Buckner, Attorney, Office of the General Counsel Social Security Division, Department of Health and Human Service, on brief for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We have examined the briefs and record and affirm the decision of the district court. The Administrative Law Judge's opinion is carefully reasoned and his decision that Mr. Cote was not disabled at any time before his insured status expired is, in our judgment, unassailable. We see no merit in the claimant's arguments. First, it is beyond question that the ALJ did not mechanically-and therefore improperly-apply the Grid. Mr. Cote's quibbles about the ALJ's passing reference to the Grid as a "framework" are beside the point. Where a claimant is impaired in his ability to sit or stand for long periods, the procedure at step five of the Secretary's sequential analysis is to obtain the opinion of a vocational expert, and that is exactly what the ALJ did here. His decision was based on, and more than adequately supported by, the vocational expert's response to his hypothetical question.
 
 
 2
 Second, we disagree with the claimant's assertion that the ALJ "erroneously determined that [he] had the residual functional capacity to perform light work." As Mr. Cote correctly points out, where a claimant is limited in his ability to sit or stand, an ALJ may not be entitled to find that he has the residual functional capacity to perform the full range of light work. See Pearson v. Bowen, 866 F.2d 809 (5th Cir. 1989).
 
 
 3
 But the ALJ did not commit this error. According to the Secretary's regulations, a person who can do light work can (1) "lift[ ] no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and (2) do "a good deal of walking or standing, or ... sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).
 
 
 4
 The ALJ's hypothetical question to the vocational expert did not ask the expert to assume that Mr. Cote could perform all of these functions. Rather, the ALJ asked the vocational expert to describe the jobs available to a person who was Mr. Cote's age and shared his educational background and work experience, and who was capable of doing "a reduced range of light work, but [who] can only sit or stand for 30 minutes at a time." Thus, the ALJ's portrait of Mr. Cote incorporated the lifting and carrying element of light work unmodified, but abridged the sitting and standing element to account for what the ALJ acknowledged was Mr. Cote's "inability to sit or stand for prolonged and uninterrupted periods." In so refining the picture he painted for the vocational expert, the ALJ did exactly what the Fifth Circuit recommended that the Secretary do on remand in Pearson v. Bowen (a case on which Mr. Cote relies): he introduced testimony "of specific jobs [the claimant] can perform that fall within the light work category but require no more [sitting] or standing than [he] is capable of performing." 866 F.2d at 812.
 
 
 5
 Finally, we can find no flaws in the descriptive particulars of the ALJ's rendition of the claimant's residual functional capacity. With respect to Mr. Cote's ability to lift and carry twenty pounds at a time, and ten pounds frequently, the record contains the following bits of evidence, which in the aggregate have "substantial" weight: (a) Mr. Cote testified that he can lift thirty pounds at a time, and a "few" pounds frequently, (b) Mr. Cote's chiropractor, whose reports are generally so unremittingly gloomy as to call his objectivity into question, nonetheless said in 1986 that Mr. Cote could lift twenty pounds, (c) a neurologist who examined Mr. Cote in November 1984, just before his insured status expired, reported that "[b]y his own description he is working at some physically stressful jobs with little time off," (d) Mr. Cote's description of his activities-for example, that he spent time "bringing in wood for the winter"-is fully consistent with the conclusion that he could lift and carry ten-pound loads regularly, and (e) the Secretary obtained RFC assessments from three physicians, all of whom described Mr. Cote's ability to lift and carry in exactly the terms adopted by the ALJ.[1]
 
 
 6
 The record also fully supports the ALJ's decision to attribute to Mr. Cote the ability both to sit and stand for thirty-minute spells. Mr. Cote testified that he was limited to fifteen minutes sitting and three minutes standing, but in the face of contrary evidence the ALJ was not required to give unblushing credence to those assertions. And the record does contain contrary evidence. For example, by Mr. Cote's own description he participates in activities-house painting, installing new windows and doors, and climbing a ladder are a few examples-which must by their nature require him to stand, and which the ALJ was entitled to doubt he could perform (even if he performed them slowly or fitfully) in only three-minute bursts. As to sitting, Mr. Cote testified that he can drive as far as fifty miles, and the record contains reports from an examining orthopedist that he can sit for thirty minutes, and from a rehabilitation consultant that he is able to sit or drive for anywhere from thirty to ninety minutes.
 
 
 7
 Affirmed.
 
 
 
 [1]
 These three doctors, it is true, had not examined Mr. Cote. But they had scrutinized the medical record, and their reports carry evidentiary weight. See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 223 (1st Cir. 1981)