**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GENIA M. BROUGHAM, for
herself and as next friend of Cacey R.
Brougham and Adam S. Brougham,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 98-6034
(D.C. No. 96-CV-1345)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Genia M. Brougham appeals the district court's judgment upholding the denial of social security survivors' benefits to her and her children, based on the earnings of the deceased wage earner, Ronald J. McGuffin, Jr.  We affirm.

The administrative law judge (ALJ) found that Ms. Brougham had not established the existence of a common-law marriage and, therefore, she was not entitled to benefits as Mr. McGuffin's widow and her children were not entitled to benefits as his stepchildren.  The Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Commissioner. The district court affirmed the Commissioner's decision on November 18, 1997.

For entitlement to social security benefits, a claimant who relies on the validity of a common-law marriage must show that the insured worker's state of legal domicile would recognize the marriage.     See 20 C.F.R. §§ 404.344, 404.345, 404.726.  Preferred evidence of a common-law marriage with a deceased consists of signed statements from the applicant and two of the deceased's blood relatives. Alternative evidence, including statements from other individuals, may be offered if preferred proof is not available.     See 20 C.F.R. § 404.726(b)(2).

Common-law marriages are recognized by Oklahoma, Mr. McGuffin's state of domicile. Such a marriage "requires competent parties, who enter the relationship by mutual agreement, exclusive of all others, consummating arrangement [sic] by cohabitation and open assumption of marital duties, and such relationship must be established by evidence that is clear and convincing." Mueggenborg v. Walling, 836 P.2d 112, 113 (Okla. 1992) (quotation omitted).

On appeal, Ms. Brougham contends there is a lack of substantial evidence to support the ALJ's determination that no common-law marriage existed between her and Mr. McGuffin. She points to evidence in the record which could support a conclusion that the parties had agreed to be married, had generally lived together in Oklahoma from September 1987 until his death in February 1993, and had represented to others that a marriage existed.

There is, however, also evidence to the contrary. Mr. McGuffin's mother could have provided preferred evidence of a common-law marriage between Ms. Brougham and her son. Instead, she denied the existence of such a relationship in a signed statement asserting that Mr. McGuffin had maintained his permanent residence with her and his father and also that Ms. Brougham's "welfare records" would show Ms. Brougham's claim that she "lived alone as head of house and no one contributed to her or her children's support." Appellant's App. at 98. Although Ms. Brougham attacks these statements as

biased, they are consistent with the listing of his parents' mailing address on Mr. McGuffin's 1993 Wage and Tax Statement, see id. at 95, and the description of Ms. Brougham as "other," rather than spouse, on an income tax return prepared for 1990, see id. at 71.

Additionally, the mother's disclosure concerning Ms. Brougham's welfare records is corroborated by a statement of a caseworker from the department of human services relating that, during a home visit, Ms. Brougham had introduced Mr. McGuffin as "just a friend," and Ms. Brougham never admitted to the caseworker that Mr. McGuffin was living in her home. Because Ms. Brougham "never came forth about [the] relationship, the [department of human services] never considered him as part of the family." Id. at 53. [1]

"We review the [Commissioner's] decision to determine whether [his] factual findings are supported by substantial evidence in the record viewed as a whole and whether [he] applied the correct legal standards. Substantial evidence

---

[1] Although Ms. Brougham does not deny the truth of these hearsay statements, she attempts to minimize their impact. See Descheenie ex rel. Descheenie v. Bowen, 850 F.2d 624, 628 (10th Cir. 1988) ("Hearsay evidence is presumptively unreliable and forms a particularly faulty basis for the fact finder to establish trustworthiness.") (quotations omitted). We note, however, that "hearsay evidence is not per se inadmissible" in social security proceedings, Trujillo v. Richardson, 429 F.2d 1149, 1152 (10th Cir. 1970); see also 42 U.S.C. § 405(b)(1) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure."). Moreover, as we have explained, the statements are not the sole evidence supporting the ALJ's determination.

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We do not reweigh the evidence." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (quotations and citations omitted).

There is substantial evidence to support the ALJ's conclusion that Ms. Brougham failed to establish a common-law marriage, and, accordingly, we will not disturb it. Specifically, we note that Ms. Brougham has adopted inconsistent positions on her marital state, depending on whether she is seeking welfare benefits during Mr. McGuffin's lifetime, or survivors' benefits after his death. The ALJ was entitled to take this inconsistency into account in weighing the evidence. See Warren v. Secretary of Health & Human Servs., 868 F.2d 1444, 1446 (5th Cir. 1989) (stating that plaintiff's "own testimony in support of her contention that a common law marriage existed" was, "at a minimum, undermined by her [welfare] application," which maintained that she did not live with the deceased and he did not support her); cf. Rascon v. US West Communications, Inc., 143 F.3d 1324, 1332 (10th Cir. 1998) (statements made in a social security disability application do not constitute an automatic bar to an ADA disability discrimination claim, but they may constitute evidence relevant to a determination of whether the employee is able to perform the essential functions of the job, with or without reasonable accommodation).

Ms. Brougham also asserts that the ALJ misconstrued Oklahoma law and added to her burden of proof by requiring a showing that the parties lived together as husband and wife "over an extended, uninterrupted period of time." Appellant's App. at 13. Although the requirement of "extended, uninterrupted" cohabitation is not found in Oklahoma state law, the additional language is incidental to the resolution of this case. The ALJ's determination did not hinge on the length of uninterrupted time Ms. Brougham and Mr. McGuffin lived together. Accordingly, the contention that the ALJ improperly construed Oklahoma law does not change our analysis. See Descheenie ex rel. Descheenie v. Bowen, 850 F.2d 624, 628 (10th Cir. 1988) (holding that error that had "shaped the outcome" of the agency's decision cannot be characterized as harmless); cf. Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990) (stating effect of error in hypothetical posed to vocational expert was minimal and not grounds for reversal).

After a review of the entire record, we AFFIRM the judgment of the district court.

Entered for the Court

Stephen H. Anderson
Circuit Judge